## Benjamin F. Stevens *vs.* Isaac Reyn.

Suffolk.   January 22, 1915. — February 26, 1915.

Present: Rugg, C. J., Loring, Braley, Crosby, & Pierce, JJ.

*Negligence,* In use of wagon.

If, at the trial of an action for personal injuries, there is evidence that the defendant, while trying to back a horse attached to a wagon, asked the plaintiff to help him, that the plaintiff in response to such request took hold of the spokes of the rear wheel and helped to move the wagon back, and that the defendant, although he saw the position of the plaintiff's hands, without warning to the plaintiff then caused the horse to move forward, reversing the wheel and crushing one of the plaintiff's hands, the jury are warranted in finding that the plaintiff was in the exercise of due care and that the defendant was negligent.

Pierce, J.   The jury could find that while the defendant was trying to have a horse back a wagon he asked the assistance of the plaintiff; that the plaintiff in response to the request took hold of the spokes of the rear wheel on the right hand side of the wagon; that the wagon was backed somewhat with the plaintiff's aid; that the defendant saw the position of the plaintiff's hands; that without warning he caused the horse to move forward; and that as a consequence the wheel was reversed and the plaintiff's hand was crushed between the wheel and the side of the wagon.

"Whenever one person is by circumstances placed in such a position with regard to another that every one of ordinary sense who did think would at once recognize that if he did not use ordinary care and skill in his own conduct with regard to those circumstances he would cause danger of injury to the person or property of the other, a duty arises to use ordinary care and skill to avoid such danger." Per Brett, M. R., in *Heaven* v. *Pender,* 11 Q. B. D. 503, 509.

The jury could find that the defendant failed to exercise toward the plaintiff that care which the law required of him under the circumstances, and that the plaintiff was not himself negligent.

The judge* was right in refusing to rule that the plaintiff

* *Hitchcock,* J.

could not recover, and in declining to direct a verdict for the defendant.

<em>Exceptions overruled.</em>

*D. Flower*, for the defendant, submitted a brief.

*J. H. Duffy*, for the plaintiff.