No. 888

First Circuit

DAIGLE v. COBB

(December 8, 1931. Opinion and Decree.)

Francis J. Whitehead, of Port Allen, attorney for plaintiff, appellant.

Borron, Hebert & Owen, of Plaquemine, attorneys for defendant, appellee.

LeBLANC, J.   This is a suit for damages to an automobile, arising out of a collision which occurred on the Jefferson highway in the town of Port Allen, parish of West Baton Rouge, on December 13, 1929.

The plaintiff is the owner of the Chevrolet coupe which was damaged when it was run into by a car belonging to the defendant's father.   Plaintiff's car was being driven by her grandson, Bland Cleneay, then 15 years old.   A companion, A. S. Genre, Jr., then 16 years old, was in the car with him.   The defendant herself was driving the other car.

Negligence is charged against the defendant in driving the car she was in at an excessive and unlawful rate of speed, in failing to keep it under control and in driving over to the left-hand side of the road and running into the plaintiff's car which was on its proper side.

The Jefferson highway at that time followed the levee along the Mississippi river in that part of the town of Port Allen. It ran directly north and south, and was about 25 feet wide with a drainage ditch along each side.   Right near where the collision took place, a few feet north, perhaps, a street known as Oregon avenue ran into the highway from the west and stopped at the levee which stood immediately east of the highway.   The plaintiff's car was traveling north and the defendant, south.   At a point which, according to a plat agreed upon between the parties and filed in the record, is approximately 60 feet south of the corner at which Oregon avenue joins the highway, young Cleneay and his companion, in passing in front of the home of one of their young friends, Miss Wilma Rommel, waved to her as she stood in her front door facing the highway.   It was the waving of his hand by young Cleneay which Mrs. Cobb says she took to be a hand signal to make a left turn into Oregon avenue that caused her to go to her left of the road in an effort to pass behind the car.   As she did so, she avers in her answer, Cleneay suddenly turned his car to the right and as the two cars were then so near each other, the collision became inevitable.   Under the circumstances, she claims there was no negligence on her part and consequently no liability.

The trial judge in a brief written opinion held that the defendant, confronted with a sudden emergency, exercised her best judgment in her effort to avoid the accident, and that is all that the law requires under such conditions.   He accordingly rendered judgment dismissing the plaintiff's suit, and this appeal was taken.

It seems to be conceded by both sides that neither car was being driven at an excessive rate of speed and we do not have to dwell at all on that charge of negligence which we find in the plaintiff's petition. The record shows that Mrs. Cobb had five children whose ages ranged from two to six years, with her in the car.   She herself is

the mother of three. It is not clear wheth er they all, or any of them were, among those in the car. It is hardly probable, however, that she, a mother and a woman of mature age, would have been taking a chance at speeding with such a number of small children in the car. There is nothing to indicate either that the two young boys in the other car were driving more than 20 or 25 miles an hour.

Except for the exact position of the plaintiff's car in relation to the center of the road at the moment young Cleneay waved his hand in salutation to Miss Rommel and immediately following his motion, the facts in the case are not seriously disputed. An attempt is made to draw a distinction between a slight salutation made with the hand and a wave of the hand. We are satisfied from the evidence that whatever it be termed, the motion made by young Cleneay, was of such nature as to justify Mrs. Cobb into reasonably assuming that it indicated the usual signal given by an automobilist before he makes a turn to the left. All the facts and circumstances, as far as she was concerned, pointed that way. From her position in her car, over a hundred feet from the other car, where it was next to impossible for her to see Miss Rommel standing in a door-way, and, with a street leading only from young Cleneay's left-hand side of the road forty or fifty feet distant from where she saw him extend his hand out of his car, it would be most natural for her to believe that he intended to turn to his left into Oregon avenue. Such a signal is almost universally accepted by motorists to indicate their intention of changing their course on the public highways. In the case of Marsh v. Singletary, 7 La. App. 436, this court held that it was a custom so well recognized as to have become the law of the road.

Cleneay and Genre both testify that at the time they waved to Miss Rommel, their car occupied the right or east side of the road. In this they are corroborated by Miss Rommel and also by Professor E. P. Chaudoir, who, coming from the opposite direction, met them just about at this point. They maintain, however, that they continued on the right-hand side of the road until they were about to meet Mrs. Cobb and on observing that she, instead of continuing on her side of the road, veered to the left, Cleneay suddenly swerved his car toward the ditch, when she ran into them. Mrs. Cobb, on the other hand, states positively that the Chevrolet held to the center of the road and on nearing Oregon avenue its front wheels were cut in that direction, thus giving further indication of the driver's intention to go into that street. Her testimony to the effect that the coupe was in the center of the road is supported by that of Mrs. R. A. Baker, who viewed the accident from a window in her home, which according to the plat offered in evidence, is situated about 180 feet north of Oregon avenue. What we believe happened was that at the moment of passing the Rommel home, or just before, Cleneay had pulled over to the right of the road in order to meet Professor Chaudoir and was coming back to take the center of the road. On realizing how near Mrs. Cobb was to him, he again swerved his car to the right side of the road, but it was then too late. Mrs. Cobb, sensing from all of his actions that his intention was to go into Oregon avenue, went over to her left side of the road to try to pass behind him. They were in such close proximity to each other at this

time that neither was able to avert the impending accident.

We are of the opinion that the facts present a case in which is to be applied that rule of law to the effect that an automobile driver who is confronted with a sudden hazard or emergency created by another, will not be held to the exercise of that same presence of mind and calm, deliberate judgment as one who, seeing the danger in time, can take steps to avoid it. It is possible that Mrs. Cobb might have suddenly stopped her car and thus avoided the collision. Conceding that to be so, and that her choice of action to avert the accident was not the best, it still cannot be said that her act was not that of a person of ordinary prudence placed under the same situation she was, and that being so, she cannot be held guilty of negligence. Martin v. Cazedessus, 15 La. App. 100, 130 So. 129. The evidence is convincing that it was the innocent gesture of young Cleneay in tendering a friendly salutation to Miss Rommel which led Mrs. Cobb to believe that it was a signal of his intention to turn to his left. Innocent though it was, it constituted such an act of negligence on his part as to charge him with having created a situation of peril or an emergency in which Mrs. Cobb had to act under impulse. For the results of her actions under such conditions, she cannot, as already stated, be held responsible. The judgment of the lower court dismissing the plaintiff's suit against her was correct, and it is therefore affirmed.