### GENERAL EXCHANGE INS. CORPORATION v. CARACCIO.
#### No. 1064.

Court of Appeal of Louisiana. First Circuit.
Dec. 6, 1932.

J. Oliver Bouanchaud, of Baton Rouge, for appellant.

W. G. Randolph, of Baton Rouge, for appellee.

LE BLANC, J.

This suit is brought as a result of a collision between two automobiles on Highway

Route No. 30 between Port Allen and New Roads, on May 27, 1931, at about 4 o'clock in the afternoon. The plaintiff insurance company had insured a Chevrolet roadster automobile belonging to one Robert Garcia against loss resulting from accidental collision. This was one of the automobiles damaged in the accident, and the insurer had to pay the sum of $248.81, the full amount due in excess of $50, all according to the terms of the policy. In due time, the company obtained a conventional subrogation from Garcia under the terms of which this suit was filed against the defendant, Philip Caraccio, who is charged with the fault and negligence that caused the accident.

On the day of the accident, Robert Garcia and a young school girl named Malva Haynes left Baton Rouge after school hours to go to False River, towards New Roads, where they were to meet her father and mother at a picnic, or fish fry, as she calls it. They were proceeding north along the highway in Garcia's Chevrolet roadster at a rate of speed which they estimate at between twenty-five and thirty-five miles an hour. At a point in front of Allendale Plantation about seven miles north of Port Allen, a car traveling at a rather fast rate passed them, raising a cloud of dust in front of them. Within a few seconds thereafter they say that Caraccio, who was driving a Ford sedan from the opposite direction and on his wrong side of the road, ran into them causing the damage herein complained of. Plaintiff alleges in its petition that it was Caraccio's driving at an excessive rate of speed on his wrong or left side of the road that caused the accident, and for which, it follows, he should be made to reimburse them the amount of damages they had to pay Garcia to cover his loss.

The defense presents a sharp conflict on the question of negligence, as it is affirmatively averred in the answer that it was Garcia who was on his left or wrong side of the road and ran into defendant. As an alternative, defendant pleads contributory negligence on the part of Garcia which would bar plaintiff's action.

The judgment of the lower court was in favor of the plaintiff for the full amount claimed, and the defendant has appealed.

Defendant and his son Eddie Caraccio, who was in the car with him, both testify that Garcia was on his left-hand side of the road and that it was in trying to pull over to the right that his car struck theirs. They both say that he was going very fast, the young man estimating the speed at about forty or forty-five miles per hour.

█ The testimony of the defendant, with that of his son, about balances that of Garcia and the young lady who was in his car with him. It might be said that the defendant and his son had a bit more interest in the outcome of the suit, as Garcia's damage in excess of $50 had already been paid by his insurer and it does not appear that he is prosecuting any claim for the $50 he had already paid. Without giving any consideration to the interest any of the parties may have, however, we think that the testimony of a young boy named Ransdell White establishes a preponderance of evidence in favor of the plaintiff which is sufficient to support the judgment of the lower court in its favor. The testimony of this school boy, thirteen years old, impresses us most favorably and satisfies us that it was the Ford car of the defendant that was on its wrong side of the road and struck the Chevrolet when the latter was about a foot and a half from the ditch on its right-hand side of the road. He says that he was standing on the plantation side of the road about fifteen yards away and saw how the accident happened. Immediately after the collision he went up to where the two cars were, and he saw the skid marks in the gravel that had been made by the Ford when the brakes were applied. These marks indicated that the Ford was moving on its wrong side of the highway. After the impact, the Chevrolet remained on its right side of the road, which was the levee side. The force of the impact threw the Ford diagonally across the road so that the front faced the ditch on the one side of the road and the rear faced the ditch on the other side. The traffic that passed the scene of the accident before the cars were moved had to pass on the property side of the road, which was the side on which the Ford should have been. It was impossible for any car to have passed on the levee side, as the Chevrolet blocked that part of the road. These are physical facts which demonstrate clearly to our minds that the collision was bound to have occurred on that side of the road on which Garcia had the right to be and places the fault and negligence which caused the accident on the defendant. We do not attach much importance to the testimony of Dr. Orchard, because it has no connection with the actual happening, he not pretending to have been an eyewitness, and whatever reference he makes to the position of the cars at the time he arrived at the scene has not much value as proof, as he frankly states that he only noticed the cars "in a kind of off-hand way." We believe that the doctor was far more interested in rendering what assistance he could to those who had been injured.

The testimony, as we have already indicated, satisfies us that the defendant was negligent, and the only way in which he can escape liability is if there appear any contributory negligence on the part of Garcia, driver of the Chevrolet car.

██ The plea of contributory negligence is based on Garcia's alleged failure to have applied the brakes of his car so as to bring it to

a stop when he became enveloped in the cloud of dust that was raised by the car that had just passed ahead of him on the road. But the evidence shows that the dust was not so thick as to prevent him from seeing ahead of him and that he did see defendant's car approaching. However, when he saw it, it was only fifteen yards away from him, and it is hardly probable that his stopping completely would have produced any different result as far as his car was concerned. He was on his right side of the road, not going at an excessive speed. He had a right to assume, as he says he did, that defendant would observe that elementary rule of the road now incorporated in our state law regulating the operation of automobiles on the highways, by driving on his right half of the road. He was cautious to the extent of taking his foot from off the accelerator of his car and slackening his speed, even if he did not apply his brakes, and of driving as near the ditch on his right as it was safe for him to do. In so acting, he seems to have exercised a reasonable precaution, and even granting that it was not the best thing for him to have done, he at least can be said to have been faced with a sudden emergency which was not of his own making and, under such situation, cannot be charged with negligence. The doctrine of sudden emergency or hazard under which a person, who is confronted with a peril created by the negligence of another and has to act almost on impulse, will not be held to the exercise of that same calm and deliberate judgment and presence of mind as he would had he seen the danger in time to take proper steps to avoid it, has been recently applied by this court in the case of Daigle v. Cobb, 18 La. App. 212, 138 So. 213, and we think might properly be applied here.

Counsel for defendant refers us to the cases of Castille v. Richard, 157 La. 274, 102 So. 398, 399, 37 A. L. R. 586; Couvillion v. Zoder, 2 La. App. 339; and Bardwell v. Reid, 2 La. App. 309, as supporting the plea of contributory negligence. We have carefully examined them all and find they have no application under the state of facts here presented. The last two do not contain the essential feature found in this case and on which the defendant relies to have the plea of contributory negligence sustained. In the Castille Case, the cloud of dust, raised by a fast-moving Ford which passed the defendant's car, is said to have been impenetrable and was held within the narrow roadway by the Cherokee hedge on each side "as if in a funnel," and the accident occurred within that blinding dust. Such are not the facts in this case, as has already been shown. The road in that case at the point where the accident took place was only eighteen to twenty feet wide, with deep ditches and a dense growth of Cherokee hedge on each side. That was another condition different from what existed in this case, where, on the contrary, it appears that the road was very wide at the place where the two cars collided. Moreover, in that case, the court held as one of the facts that both cars, when they entered the cloud of dust within which they collided, were correctly placed on their respective sides of the road, which is not the fact as found by us in this case. In all of these essential features therefore, that case is entirely different from the one here under consideration and cannot serve as authority.

In all of the cases cited by counsel for defendant, both drivers were held to blame for the accidents they were involved in, which is not the case here. The district judge properly held the defendant alone at fault. We find no error in the judgment rendered by him, and it is therefore affirmed.