DOROTHY E. WARNER *vs.* TOWN TAXI INC.

Suffolk.     March 8, 1939. — September 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence,* Motor vehicle, In use of way.

Evidence that one operating a taxicab near the middle of a street at night suddenly turned it to his left in such a way as to cause the operator of an automobile approaching from the opposite direction to turn to his left in an effort to avoid a collision, warranted a finding that a resulting collision was due to negligence of the operator of the taxicab.

TORT. Writ in the Municipal Court of the City of Boston dated July 1, 1935.

On removal to the Superior Court, the action was tried before *Walsh,* J., and a verdict returned for the plaintiff in the sum of $1,750. The defendant alleged exceptions.

*P. L. Keenan,* for the defendant.

*H. F. R. Dolan,* for the plaintiff.

Qua, J.  The plaintiff, while riding at night in an automobile driven by one Brennan "outbound" on Beacon Street in Boston, was injured as the result of a collision that occurred when they had reached a point about two hundred fifty feet beyond Kenmore Square between the automobile in which the plaintiff was riding and an "inbound" taxicab of the defendant.

The only question raised and pressed is whether a verdict should have been directed for the defendant on the ground that there was no evidence of the negligence of its driver.

The testimony of each driver was to the effect that the other caused the collision by turning suddenly to his left. There was evidence that the street was straight and about seventy feet wide between curbs; that the defendant's driver was proceeding on his right of the middle, but "rather close to said middle line"; that Brennan had driven through Kenmore Square at a speed not exceeding twenty-five miles an hour and was continuing in about the middle of his right hand half of the road when two headlights of an "inbound" automobile, which could have been found to have been the defendant's taxicab, suddenly flashed from Brennan's left hand side of the road in a diagonal direction "in front of" him, "striking about at the front right hand side of . . . [Brennan's] car." The word "striking," taken in connection with other evidence, could be found to refer to the impact of the two automobiles and not merely to the direction of the beams of light from the headlights. Brennan testified that he thought "the car was going to cut in in front of him," and that as quickly as he could he turned his automobile to his left to avoid a collision.

If the jury believed the evidence most favorable to the plaintiff they could find that the plaintiff's injury was caused by negligence of the defendant's driver in suddenly turning to his left toward, if not quite into, the path of the Brennan automobile. A finding of an auditor that the actual point of collision was at Brennan's left of the middle line, even if we assume without deciding that that finding (which was not to be final) was uncontradicted at the trial, was not conclusive against the plaintiff. One cause of the collision might

still be found to have been negligence of the defendant's driver in suddenly turning his vehicle to his left in such a manner as to cause Brennan to turn to his left in an effort to escape. See *Jennings* v. *Bragdon*, 289 Mass. 595, 597.

The defendant suggests that the evidence fails to show that the defendant's driver was not forced to change the direction of the taxicab by some person or obstruction appearing in front of him and so may not have been negligent in turning. *Bartlett* v̇. *Town Taxi Inc.* 263 Mass. 215, 217, 218. To this it is a sufficient answer that the jury could find from the testimony of the defendant's driver himself that nothing of the kind occurred.

*Exceptions overruled.*