MARGARET A. GALLIHER, administratrix, *vs.* KENNETH R. STEWART.

JOSEPH BARTLEY *vs.* SAME.

Berkshire.　　September 16, 1941. — October 28, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, In use of way.　*Proximate Cause.*

One operating an automobile at a reasonable rate of speed at night on the outside of a curve, which was not sharp, of a two-lane highway in such a manner that, although he remained at all times on his right side of the road, his lights were unnecessarily headed toward his left side of the road, so that, if he were to continue in the course indicated by the lights, it would be impossible for an automobile approaching from the opposite direction to drive inside a guard rail bordering the road on the inside of the curve, properly might be found guilty of negligence causing a collision with the approaching automobile whose operator, thinking to avoid a collision, drove across the center line in a deliberate attempt to pass to his left of the first automobile.

Two ACTIONS OF TORT. Writs in the District Court of Central Berkshire dated February 13 and 24, 1939, respectively.

On removal to the Superior Court, the actions were tried together before *Burns,* J.  There were verdicts for the defendant.

L. *S. Cain,* (*P. J. Genovese & A. W. Chesney* with him,) for the plaintiffs.

*M. B. Rosenfield,* for the defendant.

Cox, J.  These two actions of tort, tried together, are to recover for the death of the plaintiff Galliher's intestate and for personal injuries sustained by the plaintiff Bartley when an automobile, driven by one Conley, in which they were riding, was in collision with an automobile operated by the defendant.  The collision occurred about a quarter past twelve on a December morning on a two-lane concrete road. It was snowing and visibility was poor.  There was a curve in the highway, on the inner side of which was a guard rail with a sharp, deep drop "directly from" it.  The jury could have found that as Conley approached the guard rail, it being on his right, he was on his own side of the road.  He testified that he observed the headlights of the defendant's automobile coming toward him on the outside of the curve; that "the lights . . . were headed toward [his] Conley's side of the road in such a manner that if the defendant's car were to continue in that course, it would be impossible for . . . [him] to drive between it and the guard rail, that . . . [he] then drove straight across the center line in a deliberate attempt to pass the defendant on the left . . ."  The right front corner of the Conley automobile came in contact with the right front corner of the defendant's, and the latter remained approximately at the point of contact.  There was other evidence that after the collision the defendant's automobile, which had not been moved, was at an angle headed toward the inside of the curve with its front left wheel about three feet over the center line of the road, and its rear left wheel not over the center line.  The defendant testified, among other things, that his automobile did not move more than an inch or two after the contact.  There was other evidence that the defendant's automobile was not to his left of the center line of the highway.  It was uncontradicted that after the collision the defendant's automobile was at

an angle "facing the inside" of the curve, and that it had not been moved.

The trial judge instructed the jury, in effect, that if the defendant's automobile up to the time of the collision was upon its own side of the road, there could be no sudden emergency, as matter of law, confronting Conley, and that if he went to the left without being confronted by a sudden emergency and if the defendant was on his own side of the road and remained there, driving at a reasonable rate of speed, there would be no negligence on the defendant's part. Although it is not entirely clear, we think that the plaintiffs' exceptions were directed to this portion of the charge, and we so deal with them. The cases were submitted to the jury, who returned a verdict for the defendant in each case.

Upon the evidence, the jury could have found that the defendant's automobile was, at all times, on its own side of the road, and, under the instructions, if they did so find and also found that its speed was reasonable and proper, they were not permitted to find negligence on his part. There is nothing in the record from which it could be found that there was any obstruction to travel on the defendant's side of the road. There was evidence that the tracks of the Conley automobile "as it crossed the center line" were visible in the snow for a distance of forty-two feet, and, from the plan in the record, these tracks commence opposite a point approximately forty feet from the end of the guard rail in the direction from which the plaintiffs were approaching. The question to be determined is whether negligence of the defendant could be found from the permissible finding that the lights of his automobile were headed toward his left side of the road in such a manner that if, in the circumstances, he was to continue in the course indicated by the lights, it would be impossible for Conley to drive between the defendant's automobile and the guard rail, the defendant's automobile at all times being on its own side of the road. If negligence could be so found, there was error in the instructions.

We are of opinion that the plaintiffs' exceptions must be sustained. Of course, the parts of the charge to which ex-

ceptions were taken are to be considered in the light of the permissible findings in the case at bar. In determining whether the defendant was negligent, his conduct is to be judged by whether a reasonable man, knowing as much of the circumstances surrounding the defendant at the time as the defendant knew or should have known, would have realized that his conduct, at that time, involved an unreasonable risk of harm to others. *Stevens* v. *Reyn*, 220 Mass. 332. *Barber* v. *C. W. H. Moulton Ladder Co.* 231 Mass. 507, 511. *Sutherland* v. *Caruso*, 258 Mass. 513, 514. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 434. Am. Law Inst. Restatement: Torts, §§ 284, 291. See *Harrington* v. *Cudahy Packing Co.* 273 Mass. 15, 18; *Ellis* v. *Ellison*, 275 Mass. 272, 275; *Bannister* v. *Berkshire Street Railway*, 301 Mass. 598, 601. Moreover, the defendant is held to that recognition of the effect of his conduct upon others, who are acting reasonably, that a reasonable man would have recognized, and if that conduct is negligent, it may be a proximate cause of injuries sustained by another who acts as a reasonable man would act in the circumstances of a sudden emergency which may be found to have been created by that negligence. *Lund* v. *Tyngsboro*, 11 Cush. 563, 567. *Linnehan* v. *Sampson*, 126 Mass. 506, 510, 511. *Hunter* v. *Farren*, 127 Mass. 481, 484. *Turner* v. *Page*, 186 Mass. 600, 602. *Dixon* v. *New York, New Haven & Hartford Railroad*, 207 Mass. 126. *Mullen* v. *Zides*, 216 Mass. 202. *Gordon* v. *Bedard*, 265 Mass. 408, 411–413. *Warner* v. *Town Taxi Inc.* 304 Mass. 10. *Daigle* v. *Cobb*, 18 La. App. 212. Am. Law Inst. Restatement: Torts, §§ 289, 290 Comment k.

From the plan that was in evidence it seems apparent that the curve in question was not a sharp one, and the jury could have found, in the circumstances, that the defendant, although at all times on his right side of the road, could have so operated his automobile that its lights would not have been headed as the permissible findings disclosed.

We are of opinion that on the permissible findings there was error in the instruction given. We are unable to agree

with the contention of the defendant that the charge, taken as a whole, discloses no prejudicial error.

*Exceptions sustained.*