DELIA FLAHERTY *vs.* JOHN J. COLLINS
(and a companion case [1]).

Suffolk.    October 8, 1943. — May 2, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* Contributory, Motor vehicle, Taxicab.

In an action for personal injuries sustained by a passenger who jumped
from a burning taxicab while it was in motion, the evidence warranted
findings that the operator heard or in the exercise of due care should
have heard warning shouts of the passenger and was negligent in not
stopping the cab until after the passenger had jumped.

Upon all the evidence of the circumstances in which a passenger jumped
from a burning taxicab in motion when his warning shouts had been
unheeded by the operator, the question, whether the passenger was
in the exercise of due care because he was exposed to sudden danger
and acted on the urgency of the moment with reasonable anticipation
of bodily injury, was for the jury although an auditor, whose findings
were not final and whose report was in evidence, had found that the
plaintiff was guilty of contributory negligence.

TWO ACTIONS OF TORT.   Writs in the Municipal Court of
the City of Boston dated September 11, 1939.

On removal to the Superior Court, the actions were tried
together before *Leary, J.*

*T. H. Mahony,* for the defendants.

*J. T. Hargraves, (C. Berenson* with him,) for the plaintiff.

DOLAN, J.   These are two actions of tort to recover
compensation for personal injuries sustained in the cir-
cumstances set forth below.   The jury returned a verdict
for the plaintiff in each case.   The defendants' exceptions
are to the denial of their respective motions for directed
verdicts and to certain instructions given to the jury by
the judge.

The cases had been referred to an auditor who filed his
report in which he found that the plaintiff was guilty of
contributory negligence and that the defendants were not

[1] The companion case is Delia Flaherty *vs.* Cyril J. Collins.

negligent, and found for the defendants. The findings of the auditor were not to be final. The cases were tried thereafter upon the report and other evidence. The evidence most favorable to the plaintiff would have warranted the jury in finding the following facts. On the evening of May 14, 1939, the plaintiff in company with four other persons entered a taxicab operated by the defendant Cyril J. Collins and owned by the defendant John J. Collins, and arranged to be driven to Forest Hills from South Boston. During the progress of the journey one of the passengers left the taxicab in Dorchester. Arrangements were made with the operator to drive the plaintiff and the other passengers to Dedham. On the way to Dedham the plaintiff was seated on the rear seat with the remaining passengers. None of them was smoking during the entire ride. There was a partition between the front seat where the operator was seated and the rear of the taxicab. There was a sliding window in the partition which was open on the right side. After the taxicab had passed Roslindale Square, the plaintiff "smelled smoke . . . [and] hollered 'Fire' three or four times . . . looked in back of her and saw flames coming up from behind the seat on which she was . . . [and] when she saw it, the flame was way back in the corner of the seat." After she had "hollered 'Fire'" the second time the operator "turned his head to the right so that she could see his face" but he did not stop the taxicab. The flame was getting larger and larger. The plaintiff "saw the flame away up to the ceiling of the taxicab," and she "went out . . . of the right door of the taxicab" while it was in motion and fell in the street and was injured. The operator testified that he stopped the vehicle after the plaintiff had left it, being attracted by the right rear door banging against a mudguard, "got out, got the passengers out, lifted the rear seat, and it then burst into flames." There was testimony of a bystander that the taxicab was on fire before coming to a stop. The plaintiff was lying in the road at a point about one hundred feet from the taxicab. The fire eventually consumed the rear interior of the taxicab. The jury could have found that at the speed at which

the vehicle was being operated when the plaintiff gave warning of the fire the operator could have stopped it in approximately twenty-five feet, but that he continued after the warning for a distance of about three hundred feet before bringing the vehicle to a stop.

On all the evidence we think that the question whether the operator heard the warning cries of the plaintiff, or in the exercise of reasonable care should have heard and heeded them, was one of fact for the jury. We are also of opinion that it could not have been ruled properly that the plaintiff was not in the exercise of due care. The force and effect of the findings of an auditor which are not to be final are fully set forth in *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. They need not be repeated here in detail. It suffices to say that the evidence adduced at the trial outside of the report would warrant findings by the jury contrary to those made by the auditor. The action of the plaintiff in jumping from the vehicle while it was afire could not have been ruled properly to be contributory negligence, but upon all the evidence presented a question of fact for the jury. *Camp* v. *Rex Inc.* 304 Mass. 484, 488, 489. The facts that the plaintiff was not injured by the fire itself and that her companions who remained in the vehicle until it was stopped suffered no injury are not decisive. "A choice may be mistaken and yet prudent." *Kane* v. *Worcester Consolidated Street Railway*, 182 Mass. 201, 202. It was a question for the jury whether in all the circumstances the plaintiff exercised ordinary precautions, and they could have found properly that the plaintiff was exposed to a sudden and grave danger and that, in jumping from the taxicab when her warning cries were unheeded by the operator, she acted on the urgency of the moment with a reasonable anticipation of bodily injury as the situation then existed. *Steverman* v. *Boston Elevated Railway*, 205 Mass. 508, 512, and cases cited. See also *Kane* v. *Worcester Consolidated Street Railway*, 182 Mass. 201, 202; *Lemay* v. *Springfield Street Railway*, 210 Mass. 63, 67; *Nute* v. *Boston & Maine Railroad*, 214 Mass. 184, 191; *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 424; *Barnes* v. *Berkshire*

*Street Railway,* 281 Mass. 47, 50; *Donahue* v. *Kelly,* 181 Penn. St. 93; *Louisville & Nashville Railroad* v. *Wright,* 193 Ky. 59, 63; Am. Law Inst. Restatement: Torts, § 296. The present cases were submitted rightly to the jury.

With respect to the defendants' exceptions to certain instructions given to the jury concerning the statutory presumption of due care on the part of the plaintiff and the burden of proof of contributory negligence (G. L. [Ter. Ed.] c. 231, § 85), it is sufficient to say that the instructions in the respect complained of, that is, relative to the presumption of due care, were favorable to the defendants rather than to the plaintiff.

*Exceptions overruled.*