CARLENE LINHARES & another *vs.* ORRIN W. HALL, JR.

Bristol.   February 5, 1970. — April 7, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Anesthesiologist.   Practice, Civil,* Charge to jury.

At the trial of an action against an anesthesiologist for malpractice respecting procedures employed when the plaintiff suffered a cardiac arrest while under anesthesia, the judge's charge as a whole left the existence of an emergency to the determination of the jury and correctly stated the standard of care required of the defendant in an emergency.

TORT.   Writ in the Superior Court dated April 25, 1963. The action was tried before *Coddaire, J.*

*Albert P. Zabin* for the plaintiffs.

*John F. Dunn* (*Lionel H. Perlo* with him) for the defendant.

REARDON, J.   This is a medical malpractice case brought against an anesthesiologist by the minor plaintiff.   Her father seeks consequential damages.   There were verdicts for the defendant and the plaintiffs excepted.   The minor plaintiff suffered a cardiac arrest while under anesthesia during the course of a tonsillectomy which, following resuscitation, left her with severe and extensive brain damage. No salutary purpose would be served by a recitation of the operative procedures employed to revive the minor plaintiff, for the plaintiffs' brief and argument and the bill of exceptions bring but one question to us.

The trial judge charged the jury in part: "Now, when a person is confronted with an emergency — and I say a 'person' — it might be a lay person or it may be a person practicing his profession as the defendant doctors in this case, who were in the operating room — his conduct is to be judged or to be measured as the skill and care and due diligence — due care with respect to the emergency which confronts him — and he is still obliged to act with due

care and skill; but it must be taken into consideration, the fact of the emergency, and that in such case the person does not have the time to think that . . . [he] would ordinarily have; and due consideration must be given to that element of his position.

"A person who is confronted with an emergency is bound to use due care, bearing in mind that it is not the usual — there is not the usual time for thought and consideration of his actions as there would be if there was not an emergency."

The plaintiffs allege error in this portion of the charge in that a cardiac arrest is a complication which is a constant possibility in surgery and is not to be considered "an emergency within the meaning of the emergency doctrine." They argue that it was for the jury "to decide whether or not the cardiac arrest presented an emergency under the emergency doctrine" and that the trial judge should have "given them the appropriate standards by which to make a judgment." The fault which the plaintiffs find with the judge's charge is that it assumed the emergency. See *Massie* v. *Barker*, 224 Mass. 420; *Flaherty* v. *Collins*, 318 Mass. 153; *Barton* v. *New York, N. H. & H. R.R.* 332 Mass. 345; *Newman* v. *Redstone*, 354 Mass. 379.

We are not of opinion that there was error. There were repeated references in the testimony to such a cardiac arrest as an "emergency"; in fact, the plaintiffs' counsel in questioning medical witnesses so referred to the occurrence on several occasions. The opening sentence of that portion of the charge excepted to did not assume the emergency. We read its meaning to be that if an emergency did exist, a fact left to the determination of the jury, the defendant then and in that event was held to the exercise of a certain standard of care. A reading of the entire charge convinces us that it was a sound statement of the law not to be disturbed by a strained reading of the fragment to which the plaintiffs call our attention. *Goltz* v. *Besarick*, 313 Mass. 14, 17. *Haven* v. *Brimfield*, 345 Mass. 529, 533.

*Exceptions overruled.*