Grabau, J.
This is an action in tort for damages due to injuries which plaintiff, Barbara A. O’Connor, alleges she incurred as a result of the negligence of the defendant, MBTA. The trial court entered a judgment for the plaintiff in the amount of $10,000.
At trial, at the close of evidence, and before final arguments, the defendant filed the following Requests for Rulings, which were denied by the trial judge without special findings.[1]
1. The evidence does not warrant a finding that the defendant, its agents or servants, are negligent.
3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.
4. As a matter of law, the defendant breached no legal duty owed by it to plaintiff.
5. The plaintiff is not entitled to recover because she has not proved that the foreign substance which caused her to fall was on the premises long enough for the defendant to have discovered it and corrected the condition.
On the basis of.the trial judge’s denial of these requests, defendant brings this appeal.
The record reveals that between 4:30 p.m. and 5:00 p.m. on April 17,1979, plaintiff was descending, with due care, a stairway at the Government Center MBTA Station in Boston; it was rush hour, and the stairway was crowded. Before plaintiff reached the bottom step, she slipped on a tonic can and fell forward onto the stair landing. There was evidence that there were papers and “other stuff’ on the stairs. The plaintiff was attended by a passerby and by an employee of the defendant, a ‘starter’, who was working one level below the point where the plaintiff fell. As a result of the fall, plaintiff suffered fractures of her sixth and seventh ribs; she lost approximately two weeks of work, and was partially disabled for several months.
Defendant-Appellant contends that the decision of the trial judge, in favor of plaintiff, was in error because plaintiff did not sustain her burden of proving that a foreign substance caused her to fall, or if it was the cause, that the substance was on defendant’s premises long enough so that, in the exercise of reasonable care, the defendant should have discovered and removed it. Although we find that the trial judge properly concluded that the evidence did warrant a finding that the plaintiff slipped on a foreign substance, a tonic can, we agree with defendant that the evidence did not warrant a finding that the can was on defendant’s premises long enough to have created a duty *196 owed to the plaintiff by the defendant.
It is well established that a plaintiff has the burden of proving that the substance was present for a sufficient length of time, in order to recover in cases such as the one at bar. See generally, Oliven v. MBTA, 363 Mass. 165 (1973), and cases cited. ‘ ‘The length of time allowed to a defendant is governed by the circumstances of each case, and to a large extent depends on the opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in question, and in general the likelihood that they would become aware of the condition in the normal performance of their duties.” Id at 167, quoting Deagle v. Great Atlantic and Pacific Tea Co., 343 Mass. 263, 265 (1961). The time element itself may be proven by direct evidence, or by circumstantial evidence, such as a description of the foreign substance. Oliveri v. MBTA, at 168.
In the instant case, the plaintiff failed to show through circumstantial evidence that the foreign substance which caused her to fall was on the premises for a sufficient period of time to alert the defendant’s employee of the danger. There was no evidence that the tonic can was on the stairs through any act of the defendant’s employees or agents or that they had actual knowledge of its existence. Evidence of a “starter” being on.duty on a level below the plaintiff’s fall is not sufficient to show that defendant’s employee had an opportunity for discovering the tonic can. Moreover, evidence relative to the length of time the tonic can was present on defendant's premises was inconclusive.
The plaintiff argues that, because the tonic can was dented, and because there was other debris in the immediate area, an inference can be raised that the conditions existed long enough to have created a duty on behalf of the defendant. We disagree. The can could have been dented by persons descending the stairway immediately preceding the plaintiff, or indeed, by plaintiff herself when she took her fateful step. Further, the presence of other debris does not. under these circumstances, warrant a finding that the tonic can had been present long enough to have created a duty on behalf of the defendant. See Flaherty v. MBTA, 5 Mass. App. Ct. 765 (1977).
As a result of the foregoing, we find that the defendant’s Requests for Rulings, denied by the trial judge, should have been allowed.
Judgment for the plaintiff vacated.
Findings to be' entered for defendant.

 Defendant’s Request No. 2 was allowed.