Ruma, J.
This is a petition to establish the defendant’s draft report upon which no action was taken by the trial justice within three months of the filing thereof as required by Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (5).
The defendant claims to be aggrieved by the court’s Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (6) dismissal, upon the plaintiffs motion, of the defendant’s counterclaim for abuse of process. This dismissal order was entered on September 6,1984, and the defendant filed a timely request for a report and draft report on September 12, 1984.
No action was taken by the trial judge upon the defendant’s draft report within the three month period allotted for draft report settlement in Rule 64 (c) (5). The defendant then permitted twenty months to elapse before taking any steps to preserve the viability of his appeal to this Division. The petition to establish sub judice was in fact not filed until April 22, 1986.
Rule 64 (c) (5) of the Dist./Mun. Cts. R. Civ. P. expressly states, in relevant part:
If final action by the trial judge upon any draft report ... is not taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall allow further time.
The unambiguous terminology of this provision establishes an express limitation on not only the time period for report settlement, but also the continuing viability of an appeal. If final action is not taken on a draft report within three months, the aggrieved party’s opportunity to obtain any review by this Division expires and the case proceeds as though no claim of appeal had ever been filed. See Sachdev v. Demeris, 1986 Mass. App. Div. _; Hough v. City of Newton, 1985 Mass. App. Div. 8, 11.
Two alternate methods- are set forth in Rule 64 (c) (5) to remedy this potential termination of appellate rights. When faced with inaction upon a draft report, an aggrieved party who wishes to pursue his appeal is required to file either a petition for establishment by this Division of his draft report, or a written request to this Division for additional time for draft report settlement by the trial judge. See Hough v. City of Newton, at 11; Old Colony Bank of Worcester v. Miller, 1986 Mass. App. Div. 202, 205. Neither procedural option was followed by the defendant in a timely manner. The defendant’s present petition to establish was submitted twenty-three months after the filing of the *161 draft report in question, and thus twenty months too late to be cognizable under Rule 64 (c) (5) as an effective instrument for the preservation of the defendant’s appeal. The defendant’s petition to establish a draft report is, accordingly, denied.