Silva, J.
This is a tort action in which the plaintiff alleged personal injury as a result of a slip and fall which o ccurred in the defendant’s store. The Court made the following findings: “On April 16,1985, the plaintiff was lawfully on the premises at the defendant’s supermarket in Canton. The plaintiff was injured when she slipped and fell on a piece of produce lying on a wet floor in the produce department. The defective condition of the floor existed for such a period of time that the defendant knew or should have known of its existence. The defendant was therefore negligent in failing to correct this condition. The Court further finds that the negligence of the defendant was the proximate cause of the plaintiffs injuries. The negligence of the defendant exceeded any negligence on the part of the plaintiff.”
The defendant filed the following request for rulings which were denied.
1. There is insufficient evidence in this case to sustain a finding that the plaintiff fell as a result of tripping or sliding on a foreign substance on the floor of the defendant’s produce section.
2. There is no evidence in this case that the defendant knew or should have known of any foreign substance on the floor of its produce section at the time of the plaintiffs fall.
3.1 rule, as a matter of law, that in this case there was no duty to warn of the possibility that foreign substances may be dropped on the floor of a supermarket’s produce department because such risk should be obvious to someone of average intelligence.
4.1 rule, as a matter of law, that the plaintiff has failed to sustain its burden of proving negligence and, therefore, find in favor of the defendant.
Being aggrieved by the denial of these requests, the defendant claimed a report.
The defendant owed the plaintiff, as a business invitee, the duty to maintain its business premises in a reasonably safe condition. Paquette v. Bradley, 348 Mass. 326, 327 (1965). It is the obligation of one who controls the premises to use due care to keep the premises which are provided for use of its patrons in a reasonable safe condition, or “at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Oliveri v. Mass. Bay Transit Authority, 363 Mass. 165 (1973).
It is well established that the plaintiff has the burden of proving that the substance was present for a sufficient length of lime. The time element itself may be proven by direct evidence, or by circumstantial evidence, such as a description of the foreign substance. O’Connor v. Mass. Bay Transit Authority, 1982 Mass. App. Div. 195, 196.
The burden rested upon the plaintiff herein to establish by a preponderance of the evidence that her injuries were proximately caused by a negligent act or omission of the defendant. Falvey v. Hamelburg, 347 Mass. 430, 435 (1964).
*209 The mere occurrence of the plaintiffs fall or accident did not establish negligence. Zarillo v. Stone, 317 Mass. 510 (1945). However, inferences drawn from circumstantial evidence can play a large role in proving negligence. In Anjou v. Boston Elevated Railway Co., 208 Mass. 273, 274 (1911), a banana peel which “felt dry and gritty as if there were-some dirt on it” and “which was flattened down, and black-in color” permitted the finder of fact to find that it had been left on the platform of the defendant for a considerable period of time and to conclude “that it should have been removed by the employees of the defendant if they had performed their duty.” In the case at bar the evidence presented was that there was broccoli present which the plaintiff observed to be dark and wilted. This would indicate that the leaf was present there for a considerable period of time and should have come to the attention of the defendant if it had diligently kept the area safe for visitors. In addition to the decayed broccoli leaf, the Court was presented with evidence indicating that the floor was wet, which could have resulted in the plaintiffs slip and fall. The credibility of evidence and any reasonable inferences to be drawn therefrom are matters for the determination of the trier of fact. Gilardi v. Kay Leasing Inc., 1982 Mass. App. Div. 253, 254. Evidence of scuff marks observed after the accident may be taken as some evidence that the plaintiff slipped on a foreign substance. Sisson v. Boston Elevated Railway Co., 277 Mass. 431, 432 (1931).
Drawing all reasonable inferences, the trial justice was warranted in finding that the defendant was negligent in not maintaining his store in a safe condition. We find no error in the Court’s denial of the requested rulings.
Report Dismissed.