Lombardo, J.
This action in contract and quantum meruit was commenced by the plaintiff to recover the balance of Three Thousand One ($3,001.00) Dollars, the amount alleged to be owed under a contract for the construction of a deck at the property of the defendant, Kathy Kroen. The defendant brought a counterclaim alleging a breach of contract, negligence, trespass, conversion and a violation of G.Lc 93A.
A trial was held in the Hingham District Court on November 10,1989. Judgments were entered for the plaintiff, Robert Fleming, and for the plaintiff in counterclaim, Kathy Kroen.
After the allowance by the trialjudge of plaintiffs motion to file a late draft report, a draft report was filed. A hearing was held on said report on February 16,1990, at which time the trialjudge took the matter under advisement No final action was taken by the trialjudge on the plaintiffs draft report within three months of the filing thereof as prescribed by Dist/Mun. Cts. R. Civ. P., Rule 64(c) (5). The trial court clerk also failed to issue notice fourteen days before the expiration of the three month period as required by Rule 64 (c) (5). In addition, the plaintiff failed to petition for the establishment of a report within three months of the time the draft report was filed.
The plaintiff comes before us with a motion to extend time for petitioning for establishment of a report and a petition for establishment Both pleadings were filed on September 7,1990, approximately seven (7) months after the plaintiff filed his draft report The plaintiff argues that the clerk’s failure to notify him at least fourteen days before the expiration of three months in accordance with the provisions of Rule 64, constitutes “Cause” to allow such an extension. We disagree.
The relevant portion of Rule. 64(c)(5) of the Dist/Mun. Cts. Rules of Civil Procedure states:
If final action by the trial judge upon any draft report... is not .taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for a report had been made, unless the appellate division, for cause shown, shall allow further time. Notice under this rule shall be sent by the clerk to the parties in the case fourteen days at least before the three months or extended period expires.
When a trial judge fails to take action on a draft report within the three month *36 period, the aggrieved party has two options. The party may avoid termination of the appeal by filing a petition for establishment of a report with the Appellate Division before the expiration of the three month period, or, as an alternative, the party may seek an extension from the Appellate Division to grant additional time for report settlement. Hough v. City of Newton, 1985 Mass. App. Div. 8; O’Connell & Co., Inc. v. Gassett, 1986 Mass. App. Div. 160; Hunt v. Swim, Inc., 1989 Mass. App. Div. 208; Brown, et al. v. Quinn, 27 Mass. App. Ct. 288.
The plaintiff in this appeal has clearly not exercised the first option. Furthermore, his actions cannot be construed as an exercise of the second option. The plaintiff did not ask for an extension to give the trial judge time to take action on the draft report, but asked in effect, for a waiver of the time requirements so that he could file a late petition to establish a report. Since the provisions of the rule are automatic, the plaintiffs opportunity for review before the Appellate Division expired when the three month period elapsed. O’Connell & Co., Inc. v. Gassett, supra. We reach this conclusion despite our acknowledgment that the rule is devoid of language setting a time limit in which a request for an extension must be filed. Old Colony Bank of Worcester v. Miller, 1981 Mass. App. Div. 202, 206.
The clerk’s failure to give timely notice of the impending expiration of the three month period does not constitute “cause shown” for allowance of an extension. Old Colony Bank of Worcester v. Miller, supra at 205. The clerk’s notice, while mandated under Rule 64, is merely a reminder, and is of no consequence in determining the parties’ rights or obligations. Rule 64(c) (5) prescribes a fixed and finite time period for report settlement An aggrieved party who files a draft report can readily calculate a date three months hence upon which the Rule 64(c) (5) period will automatically expire. The lapse of the report settlement period thus occurs in every case on a certain and predetermined date which requires no scheduling by the court and which can and should be easily anticipated by the aggrieved party. As the provisions of Rule 64(c) (5) are automatic, notice by the clerk serves as little more than a reminder of the approach of a procedural date already known to the appellant. Hough v. City of Newton, supra at 10.
The plaintiffs motion for an extension of time to file a petition for establishment and the plaintiffs petition for establishment are, therefore, denied.