Brennan, J.
On December 21, 1990, judgment was entered for the defendant, Budd Healy. On January 7, 1991, aRequestfor Report and aDraftReportwere filed with the Dudley District Court and on February 13, 1991, there was a hearing on the Draft Report. On March 27, 1991, a new Request for a Draft Report as well as a new Draft Report were filed with the Dudley District Court. On May 15, 1991, a hearing was held on the Second Draft Report and on May 16, 1991, the Draft Report was disallowed. On May 21, 1991, the plaintiff-appellant filed a Petition to Establish a Draft Report.
The issue before the Court is whether the plaintiff-appellant’s Petition to Establish a Draft Report should be allowed.
Rule 64 (c) (5) of the District/Municipal Courts Rules of Civil Procedure provides:
Proceedings. Until the report is allowed, or if disallowed, until a petition to establish the report is filed as hereinafter provided, all motions and other interlocutory matters shall be heard by the trial justice. After the report is allowed, or if the request for a report is disallowed, after a petition to establish the report is filed as hereinafter provided, all motions shall be filed with the clerk of the trial court and by him forthwith forwarded to the presiding justice of the Appellate Division. If the trial justice disallows the *74 request for the report he shall set forth in writing succinctly the facts and reasons for such disallowance. Iffinal action bvthe trial iudgeupon anvdraft report, other than unon an interlocutory matter, is not taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall allowfurther time. Notice under this rule shall be sent by the clerk to the parties in the case fourteen days at least before the three months or extended period expires. (Emphasis added).
The Requestfor a Report and a Draft Report was filed onjanuary 1,1991. No final action was taken by the trial judge within three months and the Petition to Establish a Draft Report was not filed until May 21,1991, well over the required three months.
The law is clear that:
When a trial judge fails to take action on a draft report within the three month period, the aggrieved party has two options. The party may avoid termination of the appeal by filing apetition for establishment of a report with the Appellate Division before the expiration of the three month period, oras an alternative the party may seek an extension from the Appellate Division to grant additional time for report settlement. Fleming v. Kroen, 1991 Mass. App. Div. 35, citing Hough v. City of Newton, 1985, Mass. App. Div. 8; O’Connell Co., Inc. v. Gassell, 1986 Mass. App. Div. 160; Hunt v. Swim, Inc., 1989 Mass. App. Div. 208; Brown, et al. v. Quinn, 27 Mass. App. Ct. 288.
The plaintiff-appellant did not file a petition for establishment of a report with the Appellate Division before the expiration of the three month period. The plaintiff-appellant did not seek an extension from the Appellate Division for additional time to settle the report. Therefore, the plaintiff-appellant cannot avoid termination of the appeal.
Here, as in the Fleming case, the plaintiff-appellant has failed to exercise either option.
Since the provisions of the rule are automatic, the plaintiff s opportunity for review before the Appellate Division expired when the three month period elapsed.
Therefore the plaintiff-appellant’s motion for establishment of a Draft Report is denied.