Greco, J.
This is a motor vehicle tort action in which judgment was entered for the defendant on February 3,1994. The plaintiff’s appeal to this Division was thus governed by former Dist./Mun. Cts. R. Civ. P, Rule 64.[1]
1. The plaintiff seasonably commenced this appeal pursuant to former Rule 64(c) (1) by filing a draft report within ten days of the entry of judgment. However, as is evident from the subsequent, unduly protracted sequence of events, the plaintiff repeatedly failed to take timely, appropriate action to preserve the viability of her appeal, and thereby forfeited any right to appellate review of this matter.
It is undisputed that, despite a request for a draft report hearing by the defendant-appellee, the trial judge took no action on the plaintiff’s draft report within three months of its filing. Such inaction triggered the operation of former Rule 64(c) (5), which provided:
If final action by the trial judge upon any draft report... is not taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall allow further time.
By restricting the time for settling a report to three months, Rule 64(c) (5) was designed to accomplish the “salutary objective ... [of] limit[ing] the period for appeal in order to promote and insure the finality of judgments.” Hough v. Newton, 1985 Mass. App. Div. 8, 11. At the conclusion of the three month period, the plaintiff was obligated by Rule 64(c)(5) to file either a petition to establish her draft report, or a motion addressed to this Division for additional time for report settlement. Brown v. Quinn, 1987 Mass. App. Div. 215, aff’d 27 Mass. App. Ct. 288 (1989), aff’d 406 Mass. 641 (1990). See also, Skarani v. Healy, 1992 Mass. App. Div. 73, 74. The plaintiff took neither course, and instead merely forwarded a letter to the court on May 9,1994 “checking on status update of draft report.”
Although lacking the authority to do so after the expiration of the three month period, the trial court held a draft report hearing on June 16,1994, at which time the court denied the defendant’s motion to dismiss the plaintiff’s draft report and entered an order disallowing the draft. Pursuant to former Rule 64(e), the plaintiff should have filed a petition to establish to remedy the court’s draft report disallowance. D & H Brown, Inc. v. Francoeur, 1991 Mass. App. Div. 114, 115. However, the plaintiff again made no attempt either to comply with the express requirements of Rule 64, or to seek any form of relief from this Division. See Live v. Bellows, 1988 Mass. App. Div. 171, 172. Apparently at the suggestion of the trial judge, the plain *83 tiff ordered a trial transcript and then haggled with the defendant for the next twelve months over the contents of the report. After numerous scheduled dates for a draft report hearing were cancelled, the parties finally filed a “Joint Proposed Draft Report.” The court allowed this report on December 19, 1995, almost two years after the plaintiffs draft report was first filed.
It was established under former Rule 64 practice that an appellant’s failure to comply with the requirements of Rule 64(c)(5) constituted a “serious misstep,” rather than an “inconsequential breach” of procedural rules. Brown v. Quinn, 406 Mass. 641, 643 (1990). Given the fact that the plaintiffs right to appellate review effectively expired on May 4, 1994, and in view of the inordinate delay resulting from the plaintiffs repeated failures to avail herself of the appropriate procedural remedies to restore her appellate rights, the report must be dismissed.
2. We note that such dismissal will not result in any miscarriage of justice as it is clear that both the factual basis of the plaintiffs action[2] and the legal underpinnings of this appeal were tenuous at best.
The plaintiff claims to be aggrieved by the court’s denial of certain requests filed by her for findings of fact and rulings of law. It is axiomatic that a par ty is not entitled to findings of fact upon mere request in a district court civil action, Dist./Mun. Cts. R. Civ. E, Rule 52(a); Ashapa v. Reed, 280 Mass. 514, 516 (1932), and that requests for such findings are properly denied. Huikara v. Eastman, 362 Mass. 867 (1972). Moreover, the findings of fact made by a trial court are entitled to appellate deference unless clearly erroneous. Starr v. Fordham, 420 Mass. 178, 186 (1995); Martin v. Building Inspec. of Freetown, 38 Mass. App. Ct. 509, 512 (1995). The court’s finding for the defendant herein was amply supported by the reported evidence.
There was also no error in the court’s disposition of the plaintiff’s purported requests for rulings of law which, for the most part, improperly sought “an implied finding of a disputed fact as well as a ruling of law upon it,” and were thus correctly denied. Liberatore v. Framingham, 315 Mass. 538, 543, 544 (1944). The court’s denial as “incomprehensible” of plaintiff’s request number 47, which was a quotation from Galliher v. Stewart, 310 Mass. 77 (1941), was at most harmless error. The Galliher language was, in fact, difficult to follow,[3] and the plaintiff made no attempt *84 to clarify her request or seek reconsideration by way of a post trial motion. More significantly, the trial court’s rulings on other requests satisfactorily demonstrated its understanding that negligence could be based on a defendant’s failure to appreciate the effect of his conduct on others.
Report dismissed.
So ordered.

The District/Municipal Court Rules for Appellate Division Appeal were promulgated on July 1, 1994 and govern the appeal of any ruling, decision or judgment rendered on or after that date. Dist./Mun. Cts. R.A.D.A., Rule 1A.

The evidence indicates that the defendant was travelling in the left lane of Route 1, observed an orange construction cone ahead in her lane and brought her truck to a complete stop at the cone only after looking in her rear view mirror to insure that she could do so safely. When the defendant stopped, the vehicle behind her allegedly swerved into the right lane where the motorcycle on which the plaintiff was a passenger was proceeding. The plaintiff alleged that when the motorcycle was forced to evade file swerving vehicle, it hit the curb and that the plaintiff and the driver (her husband) were thrown off and the plaintiff thereby injured. The plaintiff apparently faults the defendant for her failure to drive over the cone or to go around it, and to continue in the very lane from which she was being diverted by roadway construction. The court’s finding that the defendant was not negligent in failing to take such unusual action was warranted. It would appear that the plaintiff’s efforts to recover for her injuries would have been more realistically focused on either her husband (with whom she settled) or the driver of the second car who came up behind the defendant at 60 mph, failed to observe either the construction cone or the defendant coming to a stop, and swerved toward the right when it was apparently unsafe to do so.

Quoting from Galliher, request number 47 stated that the defendant “is held to that recognition of the effect of her conduct upon others, who are acting reasonably that a reasonable person would have recognized, and if that conduct is negligent, it may be a proximate cause of injuries sustained by another who acts as a reasonable person would act in the circumstances of a sudden emergency which may be found to have been created by that negligence.” Id. at 80.