## John E. CONWAY
### vs.
## ADILETTO FUELS, INC.

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

July 11, 1980

Richard E. Craven for the plaintiff.
Elihu Pearlman for the defendant.

Present: Cowdrey, P.J., Forte & Tiffany, JJ.

TIFFANY, J. This is an action in contract in which the plaintiff seeks to recover for services allegedly rendered to the defendant in providing it with Data Processing Consulting Services in the sum of $2,250.00. In the alternative, the plaintiff seeks to recover the sum of $3,150.00 on a quantum meruit basis.

The complaint sets forth that the defendant is a corporation, but does not specify whether it is a Massachusetts or foreign corporation.

The defendant, in its answer, specifically denied it was a corporation.

The plaintiff provided approximately ninety hours of data processing consulting services at a charge of $25.00 to $35.00 per hour for a business entity entitled "Adiletto Fuels, Inc. of Everett, Massachusetts." The plaintiff testified that there was a sign on defendant's principal place of business which bore the legend "Adiletto Fuels, Inc." The plaintiff also stated that he prepared and submitted a computer program proposal to the defendant in

which he included samples of delivery receipts and customer statements then in use by the defendant. These documents bore the name and address of Adiletto Fuels, Inc., 678 Broadway, Everett, Massachusetts.

At the conclusion of the plaintiff's case, the defendant filed a motion for a directed finding on the grounds that the plaintiff had failed to prove the incorporation of the defendant. The motion was denied by the trial court.

1. A motion for a directed finding in a non-jury case is merely a request for a ruling or a finding of fact. **Commonwealth v. Richardson**, 313 Mass. 632, 634 (1943); **Forbes v. Gordon & Gerber, Inc.**, 298 Mass. 91, 94-95 (1937). The denial of the defendant's motion for a directed finding raises only the issue of whether a general finding in favor of the plaintiff was permissible on all the evidence. **Menici v. Orton Crane & Shovel Co.**, 285 Mass. 499, 500-501 (1934); **Boston Gas v. Charm Construction Co.**, Mass. App. Div. Adv. Sh. (1979) 286, 292.

2. Former G.L. c. 231, s. 30[1] required a party to submit a special demand in a responsive pleading for proof of said party's incorporation in order to defeat an allegation of the same made by an adverse party.

Rule 9(a) of the Dist./Mun Cts. R. Civ. P. parallels the repealed statute and states in relevant part:

> "When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued . . . he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

The report sub judice indicates that the defendant "in its answer denied it was a corporation." The defendant, therefore, placed the issue into controversy in the lower court. Corporate status is customarily proven either by a certificate of incorporation of the Secretary of State; by the production of the records of the corporation, Agreement of Association of a business corporation or Articles of Organization; or by admissions by the defendant in answer to interrogatories introduced into evidence at the trial on the merits. In the case at bar, none of these were forthcoming.

We conclude, therefore, that the plaintiff has failed to satisfy that burden of proof imposed upon him under Dist./Mun. Cts. R. Civ. P. 9(a) to establish the incorporation of the defendant. We find that the denial of the defendant's motion for a directed finding was error.

Judgment for the plaintiff is hereby vacated, and a finding for the defendant is to be entered.

<div align="right">

**So ordered.**
Tiffany, J.

[1]This statute was repealed by St. 1975, c. 377, s. 77 which conformed the General Laws to the Massachusetts Rules of Civil Procedure governing the District Courts and the Municipal Court of Boston.

