Loring A. SALTUS, d/b/a
PRIME LITHO SUPPLY
vs.
Michael D. ABRUZZESE

No. 288

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

January 26, 1981

Robert R. Kimball for the plaintiff.
Albert H. Russell, Jr. for the defendant.

Present: McGuane, J., Walsh, J.,
Larkin, J.

## OPINION

LARKIN, J. This case raises the issue of whether the failure of a clerk of a court to notify a party of the entry of judgment constitutes a sufficient excuse for that party to be temporarily relieved of the judgment to perfect his appeal on the merits. Stated otherwise, was it an abuse of discretion for the trial judge to deny the defendant's motion for relief from judgment where the sole and undisputed basis for the motion was a clear clerical violation of duty to notify the parties that the judgment which triggered the running of time for the protection of appellate rights had been entered?

The facts as contained in the report are essentially undisputed and may be summarized as follows:

Plaintiff filed an action of contract seeking to recover $21,235.49 from the defendant on the basis of an account annexed and for services and goods sold and delivered. The defendant answered, denying the claim and averring that any money owed was owed by a corporation of which the defendant was the president.

Following a trial, the court entered a finding against the defendant in the amount of $17,235.00. This finding was filed with the court papers on or about July 2, 1979. The defendant had previously filed timely requests for rulings of the trial judge. Following receipt of notice of the court's finding and action on the requests for rulings, the defendant filed a motion to correct findings of fact and rulings of law.

Defendant's motion to correct findings of fact and rulings of law was heard on October 4, 1979. The court allowed defendant's motion in part and denied defendant's motion in part, and notice of the court's action on said motion was issued to both parties on or about October 9, 1979. Judgment entered against the defendant on October 9, 1979. It is undisputed that the clerk's office failed to notify the defendant's counsel of the entry of judgment.

On or about November 27, 1979 defendant's counsel received from the plaintiff a copy of an execution in this matter and a demand for payment thereon. The execution contained a notation that entry of judgment had been entered on October 9, 1979. Again, it is undisputed by the parties that notice of the execution was the first time that the defendant or his attorney became aware of the entry of judgment.

Within a day of the receipt of plaintiff's demand on its execution, the defendant filed a motion for relief from judgment and a motion for late entry of draft report. Motions were argued on January 8, 1980 and taken under advisement. On January 16, 1980 both motions were denied and notice duly sent to counsel of record. The defendant timely filed his claim and/or request for report of the court's denial of the two said motions and the matter is now before this court. For purposes of this appeal, the only question before us is whether the action of the trial judge in denying the defendant's

motion for relief from judgment was erroneous as an abuse of discretion. The defendant has waived his claim for report on the issue of whether the motion for late entry of draft report was correctly denied.

The essence of defendant's position is that he has been deprived of his statutory rights of appellate review of the merits of a personal judgment against him in excess of $17,000.00. This deprivation, he argues, was neither one for which either he or his attorney should be culpable; rather it was a result of clerical error by the trial court clerk's office in failing to notify the parties that judgment had entered.

Rule 77(d), Dist./Mun. Cts. R. Civ. P., provides in part:

Unless an order of judgment is entered in open court in the presence of the parties or their counsel, the clerk shall immediately upon the entry of . . . judgment serve a notice of entry by mail . . . upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing.

As noted above, it is undisputed on this record that this mandate was not complied with by the clerk. The docket itself shows no indication that the parties were notified of judgment. The defendant's motion for relief from judgment was in accord with Dist./Mun. Cts. R. Civ. P.60(b). That rule, which is identical to the Superior Court counterpart, provides in part:

On motion and upon such demands as are just the court may relieve a party or his legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, . . . (6) and other reasons justifying relief from the obligation of the judgment.

It is the defendant's position that the clerk's failure to notify constituted inadvertence, surprise, excusable neglect and any other reason justifying relief, and his motion should have been granted.

The precise issue of whether post-trial lack of notice of judgment is sufficient grounds for relief from judgment so as to revive the time period for appeal has not yet been decided in Massachusetts, perhaps, because of the relatively short time that the

rules have been in existence. The issue has, however, been decided in the federal courts. In **Commercial Credit Corporation v. United States,** 175 F.2d 905 (8th Cir. 1949), the appellant moved for relief from judgment which had been entered approximately six months before the appellant learned of the judgment. The trial court there, as in the instant case, denied the motion for relief and the appellant appealed. The Court, noting that lawyers are "warranted in assuming that the clerk would perform his duty and serve notice of entry of judgment," held that "we are of the view that it was an abuse of discretion to deny claimant's motion." 175 F.2d at 907.

In Massachusetts, the Appeals Court has recently considered the question of whether a Rule 77(d) violation serves to increase an aggrieved party's time to post bond in an action for medical malpractice. In **Hanley v. Polanzak,** 1979 Mass. App. Ct. Adv. Sh. 1707, the medical tribunal, after hearing, ordered the plaintiff to post a $2,000.00 bond within 30 days or the case would be dismissed. The clerk failed to notify the plaintiff's attorney of this order, and the defendant moved to dismiss. The Appeals Court upheld the denial of dismissal, and reinstated the action. The Court stated, "[I]t would be manifestly unjust to punish the plaintiff for her reliance on the clerk to perform his legal duty." Mass. App. Ct. Adv. Sh. 1979 at 1713. The only other alternative, which the Court ruled out as too onerous a requirement, would have been "a daily check of the docket." Id., n. 10.

Where manifest injustice would result, a creative interplay between a 77(d) violation and 60(b) relief is slowly developing in the courts. In **Radack v. Norwegian American Line Agency, Inc.,** 318 F.2d 538 (2d Cir. 1963), the plaintiff's case was dismissed by a pre-trial order for nonprosecution. The clerk did not notify the plaintiff. Fifteen months later, the plaintiff learned of the dismissal, and moved for relief under Rule 60(b). The Second Circuit Court of Appeals ruled that the motion for relief should have been granted.

In **Berube v. McKesson Wine & Spirits Company,** 1979 Mass. App. Ct. Adv. Sh.

742, the Appeals Court was faced with an issue similar to that in **Radack**, where a pre-trial order of dismissal was not communicated to the plaintiff. In ruling in favor of the relief-seeker, the Court noted five relevant factors, among others, for guidance in ruling on a motion for relief. **Id.** at 747. Those factors include "whether the neglect was the product of a consciously chosen course of conduct on the part of counsel;" whether prejudice resulted to the other side; and whether the error is chargeable to the party or his attorney. To the extent that the obvious needs stating in the case at bar, the "neglect" was the result of unconscious, third-party conduct; no prejudice resulted to the other side, as the case has already been tried; the error is chargeable to neither the party nor his attorney.

Finally, in **Gillis v. Gillis**, 1979 Mass. Adv. Sh. 1401, the Appeals Court granted the motion for relief, noting that the relief-seeker had not been notified by the clerk of the lower court order.

It should be noted in passing that had the trial, judgment, non-notice, and motion for relief occurred at the superior court level, Mass. R. Civ. P. 77(d) allows for perfection of appeal even after 30 days from judgment. That rules provides that:

> Lack of notice of the entry by the clerk does not affect the time to appeal or relieve a party for failure to appeal within the time allowed, **except as permitted in Rule 4 of the Massachusetts Rules of Appellate Procedure.** (emphasis added).

Rule 4(c), Mass. R. App. P., provides in part:

> Upon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal. . . . Such an extension may be granted before or after the time otherwise prescribed by this rule has expired. . . .

In summary, the character of Rule 60(b) is best described in **Berube, supra.** It provides a remedy for relieving the "burdens of a judgment where the interests of justice and fairness require it." 1979 Mass. App. Ct. Adv. Sh. at 745. Its purpose is to insure that legal disputes are resolved "upon their merits instead of upon refinements of procedure." **Id.** at 746, citing **Florida Investment Enterprises, Inc. v. Kentucky Co.,** 160 So.2d 733, 736 (1964). In this case we have a situation where an individual is presently faced with a $17,000.00 judgment against him, after a district court trial which may have involved error in rejecting an asserted principal-agent defense. And, in the present procedural posture of the case he is devoid of appellate rights through no neglect of his own. We believe that consideration of fairness require that the action of the trial court should be reversed and the motion for relief of judgment be granted.