**OLD COLONY BANK OF WORCESTER COUNTY, N.A., Plaintiff**

vs.

**David MILLER, et als, Defendants**

**No. 307**

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**August 25, 1981**

Jacob Oppewal, counsel for plaintiff
Louis J. Noferi, counsel for defendants Krom and Miller
John P. Dwyer, counsel for defendants Hansen and Heron

**David L. MILLER, et als[1]**

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield in the county of Hampden upon Report from the Uxbridge Division and argued by counsel for both parties.

It is hereby ORDERED: That the Clerk of the Uxbridge Division make the following entry in said case on the docket of said Court, namely: No prejudicial error having been found judgment affirmed, Report Dismissed.

Date: August 25, 1981
**William T. Walsh, J**
**Allan McGuane, J.**
**Bernard Lenhoff, J.**

Opinion filed herewith.
A true copy, Attest:

**Robert E. Fern**
**Clerk, Appellate Division**

## OPINION

**LENHOFF, J.** This action for a deficiency following a foreclosure sale in accordance with G.L. c. 244, sec. 11, **et seq.**, was instituted in a district court by the Blackstone Valley National Bank (now by change of name, Old Colony Bank of Worcester County, N.A.) against the defendants who caused same to be removed to the Superior Court. Thereafter, this case was remanded to the district court as per the provisions of G.L. c. 231, sec. 102C.

The defendants, Hanson and Heron, generally denied the allegations of the plaintiff's complaint. The remaining defendants, Miller and Krom, filed answers admitting that they jointly and severally promised to pay the plaintiff the sum of fifty thousand dollars ($50,000); that they defaulted their payments to the plaintiff; that they are without knowledge that they owe the plaintiff twenty-one thousand, fourteen dollars and twenty cents ($21,014.20); that they did not receive notice of the mortgagee's foreclosure sale as per G.L. c. 244; that the plaintiff failed to protect the equity resulting in damage to the property; that the plaintiff was dilatory and delayed publishing the mortgage foreclosure proceedings resulting in damage to the equity; and the plaintiff did not properly advertise the property sale and did not attempt to sell same in good faith for a price equal to the amount of the mortgage.

Hearing was held in district court on July 17, 1978 and the following are the

---

[1] John Krom, Walter J. Hanson and John T. Heron

pertinent reported facts:—

The witness for the plaintiff, the bank's executive vice-president and cashier, testified that he did not handle the original loan transaction; did not know the defendants when the note was signed and could not identify them at the trial as the parties who signed the note. He thought he did recall seeing some of them at the foreclosure sale. He further testified that the bank employee who did conduct the financial arrangements with the defendants was no longer with the bank and was not present in court; and, he had moved out of state.

Further, that the documents and note were signed in the bank's lawyer's office and his signature was affixed as witness thereto. The note was offered in evidence; same was dated October 19, 1972, wherein the defendants and a fifth individual jointly and severally promised to pay the plaintiff $50,000 in fifteen years with interest at the rate of nine percent per annum in monthly installments of $507.14 beginning December 5, 1972 until paid in full; it was signed by the defendants Miller, Krom and Hanson individually and also as each was a Trustee plus the individual signature of Heron and another who is not a party to these proceedings.

In addition to the foregoing, said witness further testified that he became involved when the note was in default and he referred the matter to counsel, secured insurance coverage for the property before and after foreclosure and attended the foreclosure sale; that he had no knowledge or records of the legal procedures relating to G.L. c. 244, sec. 11 et seq; and he did not identify the defendants as the persons who signed the note and he was testifying relative to the bank's records in the transaction and his activities subsequent to default.

Thereafter, the plaintiff rested and the defendants thereupon moved for a directed verdict, basing same on the following:—

a. The plaintiff failed to introduce evidence of compliance with G.L. c. 244, sec. 17B.

b. The plaintiff failed to identify the defendants who were present in court and could have been called to testify; nor did the plaintiff identify the defendants through any pre-trial pleadings or interrogatories although they had been propounded and answered by the defendants.

c. The plaintiff introduced no evidence that the defendants did, in fact, sign the note although the note was introduced in evidence and none of the defendants denied the genuineness of their signatures in answer to the complaint of the plaintiff or set up genuineness of the signatures as an affirmative defense.

The trial court held a hearing on the defendants' motion for a directed verdict on August 22, 1978. At said hearing the plaintiff moved to be allowed to introduce further evidence and the defendants objected thereto. Such further evidence was:—

1. Letter dated December 13, 1974 sent in compliance with G.L. c. 244, sec. 17B, and the certified mail receipts to all the Defendants and the affidavit required by said section 17B.

2. Defendant Miller's Answer to Interrogatories including a copy of a letter dated December 13, 1974 which Miller had attached to his Interrogatory Answer. Said copy also contained thereon the names and addresses of the other note signatories.

On September 19, 1978, the trial court allowed the plaintiff's motion to introduce the above evidence and same was introduced. The trial court then denied the defendants' motion for a directed verdict and found for the plaintiff in the sum of $19,427.88 plus interest and costs.

Subsequent to the above denial of the defendants' motion for a directed verdict, the defendants seasonably filed their requests for report and motions to enlarge

time for filing draft reports. Draft Reports were filed by the defendants on October 16, 1978.

The trial court held a hearing on said reports on November 29, 1978 and the court not having taken any action thereon, the Clerk's Office on January 19, 1979, sent a notice to all parties that no action was taken on said draft reports filed on October 16, 1978.

On February 7, 1979 execution issued and the plaintiff, on April 17, 1979, caused a seizure on execution against the real property of the defendant, Walter J. Hanson, in the Norfolk County Registry of Deeds and the Sheriff notified said defendant thereof on April 18, 1979; and thereupon, suspended the sale.

On June 26, 1979 the Sheriff gave notice in writing to the defendant Hanson, setting forth therein September 25, 1979 as the date of the sale and advertised in the newspaper on October 23 and 30, 1979 and September 16, 1979, incurring a total expense of $300 in post-execution costs.

On September 7 and 8, 1979 the defendants filed motions for removal of default and relief from judgment pursuant to Rule 60 of the Dist/Mun. Cts. R. Civ. P., with affidavits. The affidavit of Heron and Hanson set forth that their attorney did not receive the notices sent by the Clerk's Office on January 19, 1979 that the court took no action on the draft reports, and, the motions of Miller and Krom alleged that there was excusable neglect to take appropriate action in connection with the appeal process.

On September 24, 1979, the trial court allowed the motions of the defendants considering them, however, as motions to supersede execution and stay proceedings.

The trial court set October 22, 1979 "for a second hearing on Defendants Draft Reports".

On October 30, 1980, the plaintiff filed a motion to dismiss the defendants' draft reports, which motion was denied by the trial court.

Finally, on February 4, 1981, the trial court allowed report to the appellate division which presently is before this body for review and resolution and includes therein the grievance of the defendants of the trial court's denial of their motion for a directed verdict (required finding); the plaintiff's grievance of the trial court's allowance of the defendants' motions (treated as motions to supersede execution and to stay proceedings); and, also the denial of the plaintiff's motion to dismiss the defendants' draft reports.

"The instant Report and docket entries disclose the tortured procedural history of this case", were words employed by COWDREY, P.J. in the case of **Hi Lo Trailer Company v. Wright d/b/a United Homes,** District Court Appellate Division Opinion, 1 Mass. Supp. 686 (1980). Same certainly applies to the case at bar that was tried on July 17, 1978 and was ultimately reported here on February 27, 1981. Further, this case is, indeed, an anomaly, as the trial court has in a single report, reported grievances of both the plaintiff and all the defendants involved herein.

Rules of court do have the force of law and bind both the court and the parties and normally such rules cannot be waived or ignored; **Famigletti v. Neviackas,** 324 Mass. 70, 72 (1949), and, failure to comply therewith can be fatal to the right to prosecute an appeal. **Murphy v. William C. Barry, Inc.** 295 Mass. 94, 97 (1936). However, recent decisions do permit deviation from certain rules regarding appellate procedure. **Vyskocil v. Vyskocil,** 376 Mass. 137 (1978); **Schulte v. Director, Division of Employment Security,** 369 Mass. 74 (1975); **Saltus d/b/a Prime Litho Supply v. Abruzzese,** District Court Appellate Division opinion, 2 Mass. Supp. 176 (1981).

Although the procedural requirements of Dist./Mun. Cts. R. Civ. P. 64 have not been properly pursued, this case here reported is deserving of immediate

consideration, for the interests of justice and fairness mandate a conclusive determination in order that there be a final district court disposition in the shortest practicable time. **Berube v. McKesson Wine and Spirits Company,** 1979 Mass. App. Ct. Adv. Sh. 742, 745. To insist on technical niceties would only serve to prolong these proceedings. As the ultimate decision would be the same, it shall be rendered in the instant proceedings without further delay.

Such final district court disposition is necessary and required to enable this case to be brought to an eventual end, especially in view of its status as a Superior Court matter transferred to the district court as per G.L. c. 231, sec. 102C.

In disposing of the grievances of the parties, we first direct our attention to the complaints of the plaintiff that the trial court should not have allowed the defendants' motions (treated as motions to supersede execution and stay proceedings), and that said trial court's denial of its motion to dismiss the defendants' draft reports was error.

We find that the trial court properly and rightfully exercised its discretionary right and power to supersede execution and stay proceedings. Dist./Mun. Cts. R. Civ. P. 62. Under this Rule, "no execution should issue upon judgment . . . during the pendency of an appeal."

In fact, we find that the timely filing of the draft reports by the defendants on October 16, 1978, with same not having been dismissed, the defendants' appeal is and has been pending since the date of its filing to the date of its consideration and disposition by this body. **Orasz v. Colonial Tavern Inc.,** 365 Mass. 131, 135 (1974); **Heil v. McCann,** 360 Mass. 507, 511 (1971); **McGloin v. Nelson,** 348 Mass. 716, 719 (1965). See also, Dist./Mun. Cts. R. Civ. P. 64 (6) which reads as follows:—

Dismissal of Draft Reports. If the party requesting the report has failed to comply with the statutes or any of these rules applicable to draft reports, the justice may dismiss it, in which case an aggrieved party who desires to raise the question of the correctness of the said order of dismissal may file a request for report and draft report on said dismissal and proceed as provided in these rules.

**Gallagher v. Atkins,** 305 Mass. 261 (1940) is a case discussing appropriate review procedure upon dismissal.

As stated previously herein, the Defendants' draft reports in the case at bar remain pending, notwithstanding the language set forth in Dist./Mun. Cts. R. Civ. P. 64(5) which, so far as is material reads as follows:—

If final action by the trial judge upon any draft report other than upon an interlocutory matter, is not taken within three months after the filing thereof, the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall allow further time. Notice under this rule shall be sent by the clerk to the parties in the case fourteen days at least before the three months or extended period expires.

The facts here concerned reveal that the defendants seasonably filed draft reports on October 16, 1978; that hearing was held thereon by the trial court on November 29, 1978; and that no final action was taken regarding same by the trial judge within ninety days from the date of filing until eventually allowed on February 4, 1981.

The plaintiff urges that execution rightfully issued on February 7, 1979 in view of the following quoted language set forth in said Rule 64(5) ". . . **the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall**

allow further time." Said plaintiff in so urging contends that even though the clerk sent notice after the ninety days elapsed, he sent the notice and the defendants can derive no comfort from his "failure to comply with the rule in a timely manner." Further, the plaintiff claims if the notice was not received as two of the defendants state, their rights are not preserved by reason of their own lengthy inactivity of more than ten months.

It has been held that if the provisions of a rule are automatic, it is of no consequence that the clerk failed to comply with the rule. See, **Higgins v. First National Stores, Inc.,** 340 Mass. 618, 620 (1960); **Sullivan v. Jordan,** 310 Mass. 12, 15, and cases cited (1941).

In the instant matter, said Rule 64(5) is self-explanatory and states that the failure of the trial court to take action on a filed draft report within ninety days after such filing shall enable the cause to proceed "as though no request for report had been made". However, same does not stand alone for the following words follow:— "unless the appellate division for cause shown shall allow further time". Consequently, the draft reports remain in a **"pending state"** subject to being dismissed by the trial court; but until dismissed, the option remains open and available to the parties with pending draft reports to seek further time for cause from the Appellate Division to properly pursue their right to file a petition to establish a report. If, however, there is a motion filed to dismiss the filed draft reports; then, in that event, the trial court could either allow the motion and thereby terminate proceedings subject to a possible appeal therefrom to the Appellate Division, or dismiss same in order to allow or permit the defendants an opportunity to seek further time for cause shown to the Appellate Division. See, **Vyskocil v. Vyskocil, supra.**

Had said Rule 64(5) contained therein appropriate language setting a definite time limit in which an extension request must be filed with the Appellate Division, including a proviso therein for an automatic dismissal to be entered upon the expiration date of same, the lengthy delay visited on the parties to these proceedings and the Trial Court would have been averted.

The trial judge, therefore, was correct in his denial of the plaintiff's motion to dismiss the defendants' draft reports; and, in his allowance of the defendants' motions that were treated as motions to supersede execution and stay proceedings. His actions accordingly presuppose that the trial justice desired that justice and fairness be finally resolved regardless of the refinements of procedure. See, **Berube v. McKesson Wine and Spirits Co., supra.**

Having thus disposed of the plaintiff's grievances, we now focus on the defendants' motion for a directed verdict (required finding) that the defendants' claim was erroneously denied by the trial court. Said motion, according to the defendants, is based on the failure of the Plaintiff to introduce evidence of compliance with G.L. c. 244, sec. 17B; that the plaintiff failed to identify the defendants; that the plaintiff introduced no evidence that the promissory note which is the subject matter of the plaintiff's deficiency action was signed by the defendants; and, that the trial court improperly allowed the plaintiff to introduce further evidence on the date of the hearing of the defendants' motion for a directed verdict (required finding), after which hearing said motion was denied.

In a non-jury case a motion for a directed finding is merely a request for a ruling or a finding of fact. **Forbes v. Gordon & Gerber, Inc.,** 298 Mass. 91, 94-95 (1937). The denial of such motion raises only the issue of whether a general finding in favor of the plaintiff was permissible on all the evidence. **Alholm v. Wareham,** 371 Mass. 621 (1976); **DiMarzo v. S. & P. Realty Corp.,** 364 Mass. 510, 514, (1974); **Chase v. Roy,** 363

Mass. 402, 404 (1973); **Menici v. Orton Crane & Shovel Co.,** 285 Mass. 499, 500-501 (1934); **Conway v. Adiletto Fuels, Inc.,** District Court Appellate Division opinion, 1 Mass. Supp. 621, 622 (1980); **Boston Gas v. Charm Construction Co.,** 1979 Mass. App. Div. Adv. Sh. 286, 292.

By reason of the above, we shall consider all the evidence adduced and produced by the plaintiff that was before the court at the date of trial on July 17, 1978 prior to the filing of the defendants' motion for directed verdict (required finding) together with the evidence the trial court allowed to be introduced on the same date as the hearing on said motion on August 22, 1978. Although the defendants objected to the trial court's action in allowing further evidence to be introduced by the plaintiff, we find ample precedent in this Commonwealth enabling a trial court in its discretion, to do so; **Saldi v. Brighton Stock Yard Co.,** 344 Mass. 89, 98 (1962); even after a party has rested; **Duchesneau v. Jaskonak,** 360 Mass. 730, 734 (1972); and also after closing argument. See, **Comm. v. Funderberg,** 374 Mass. 577, 582 (1978).

G.L. c. 244, sec. 17B must be complied with to enable one to successfully institute an action for a deficiency against the signatories of a mortgage note or other obligations secured by a real estate mortgage after a foreclosure sale. The evidence of such compliance was introduced by the plaintiff and is a part of the record.

The defendants have also urged that the trial court erred in that there was a failure to identify the defendants and that no evidence was introduced that said defendants signed the note involved in these proceedings.

It is true that where there is a general denial as has been filed by the defendants, Hanson and Heron, it is incumbent on the plaintiff to prove every element of its case. This likewise applies to the answer of defendants, Miller and Krom, except insofar as express admissions are stated

therein. **Albert Hopkins v. Caputo,** 357 Mass. 765 (1970). This includes the identity of the defendants as the persons against whom the plaintiff has a claim, **Herman v. Fine,** 314 Mass. 67 (1943), although slight evidence thereof is sufficient. **Nugent v. Popular Markets, Inc.,** 353 Mass. 45, 47 (1967); **Brockton Hospital v. Cooper,** 345 Mass. 616, 617-618 (1963); **Hancock Machine Shop, Inc.,** 52 Mass. App. Dec. 150 (1973).

G.L. c. 231, sec. 87 states:—

In any civil action, pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them.

Dist./Mun. Cts. R. Civ. P. 8(b), so far as is material, reads as follows:—

". . . the signature to an instrument set forth in any pleading shall be taken as admitted unless a party specifically denies its genuineness . . ."

Both the general denial of the defendants Hanson and Heron's answer; and, the answer of the defendants Miller and Krom do not set forth therein a specific denial of the genuineness of the signatures to the note, which lack of denial is to be taken as an admission thereof. **McCray v. Weinberg,** 4 Mass. App. Ct. 13, 16 (1976); **Wasserman v. Tonelli,** 343 Mass. 253, 257 (1961), and cases cited. As the promissory note in these proceedings was properly received in evidence, the plaintiff thereby did establish that the named defendants were the signatories thereon. **Cliff Compton, Inc. v. Leon,** 355 Mass. 153, 155 (1969); **McDuffee v. Kelsey,** 312 Mass. 458, 459 (1942); **Auburn State Bank v. National Laundry Co.,** 289 Mass. 397, 399, (1935).

Concerning the defendants' contention that there was a failure to identify the defendants, as this is an action founded on a promissory note and the signatures thereon are admitted and presumed to be genuine because not specifically denied in the defendants' pleadings, the placing of

the said note in evidence is deemed to be an admission of the authenticity of the signatures as that of the defendants. Hence, there remains no issue of identity. The result is that the plaintiff needed no further evidence of the identity of the defendants after it introduced the note. **Auburn State Bank v. National Laundry Company, supra. Jordan Marsh Company v. Joseph O'Connell,** 1979 Mass. App. Div. Adv. Sh. 193, and cases cited at p. 197.

Therefore, the general finding of the trial court in favor of the plaintiff was permissible on all the evidence and the trial court's denial of the defendants' motion for a directed verdict (required finding) was correct.

In conclusion, we find that there was no prejudicial error and, thus, the report should be dismissed and the judgment below affirmed.