Cowdry, P.J.
This action in tort was commenced by the plaintiff to recover damages for personal injuries he sustained in a fall on a public way which was allegedly maintained in a negligent manner by the defendant, City of Newton.
Judgment was entered for the plaintiff on June 23, 1983. The defendant thereafter seasonably filed a Motion to Amend Judgment which was denied by the trial court on September 2,1983.
On September 12, 1983, the defendant submitted a timely draft report in which the defendant claimed to be aggrieved by the court’s disposition of various motions and requests for rulings. No action was taken, however, upon this draft report within ninety days of the filing thereof as prescribed by Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (5). The trial court clerk also failed to issue notice fourteen days before the expiration of the ninety-day period as required by Rule 64 (c) (5).
Four months subsequent to the date of the filing of its draft report, the defendant inquired as to the status of the draft report proceedings at the trial court. On the advice of the trial court clerk, the defendant contacted the trial judge by letter dated February 14, 1984. Counsel for both parties thereafter received notice of a draft report hearing to be held on March 7, 1984.
At the March 7, 1984 hearing, the trial justice dismissed the defendant’s draft report for failure to comply with that portion of Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (5) which states:
If final action by the trial judge upon any draft report.. . is not taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report had been made, unless the Appellate Division for cause shown shall allow further time. Notice under this *9 rule shall be sent by the clerk to the parties in the case fourteen days at least before the three months or extended period expires.
The trial justice noted that the defendant had made no request for a hearing on the draft report within fifteen days of its filing as permitted by Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (4). Although the court acknowledged that no notice had been issued by the clerk pursuant to Rule 64 (c) (5) as to the impending lapse of the draft report, the court noted that a trial judge has no authority to enlarge the time period for draft report settlements under Rule 64 (c) (5).
The defendant thereafter submitted a draft report challenging the validity of the court’s dismissal of its first draft report. In establishing a report on the dismissal order, the trial justice framed the following two issues for resolution by this Division:
1. Whether the court properly dismissed the defendant’s appeal and draft report pursuant to Rule 64 (c) (6) of the District and Municipal Court Rules of Civil Procedure, where the defendant failed to file a petition for establishment with the Appellate Division when the trial judge had not taken action on the draft report within three months after the filing thereof as provided in Rule 64 (c) (5) of the District and Municipal Court Rules of Civil Procedure, notwithstanding the clerk’s failure to notify the parties of the expiration of the three month period at least fourteen days before the expiration of the three months from the filing of the draft report?
2. Whether the time for the action by the trial judge on a draft report may be enlarged if the clerk fails to notify the parties under Rule 64 (c) (5) in light of Rule 77 (d) of the District and Municipal Court Rules of Civil Procedure?
1. There is no contention on this appeal that the three month time period designated in Rule 64 (c) (5) for report settlement had not expired. The defendant has instead endeavored to avoid the strictures of that rule by advancing the trial court clerk’s failure to issue the requisite Rule 64 (c) (5) notices as a justifiable excuse for the defendant’s failure to file a petition to establish. We thus begin our analysis of this case with a consideration of the second question reported by the trial justice to this Division.
In an examination of the consequences of a clerk’s failure to issue Rule 64 (c) (5) notices, any reference to Dist./Mun. Cts. R. Civ. P., Rule 77 (d) is wholly misplaced. Rule 77 (d) states in relevant part:
the clerk shall immediately upon the entry of an order or judgment serve a notice of the entry by mail in the manner provided for in Rule 5 . . . Lack of notice of the entry [of judgment] by the clerk does not affect the time to request a report or file a draft report, or authorize the court to relieve a party for failure to request a report or file a draft report within the time allowed, except as permitted in Rule 64 (c).of these rules.
Rule 77 (d) literally pertains solely to a clerk’s responsibility to issue notice of judgment. The time period which is primarily affected by notice of judgment or lack thereof is the time period in which an appeal must be initiated. Rule 77 (d) of the Dist./Mun. Cts. R. Civ. P. in fact expressly refers to the period for the commencement of an appeal to this Division; namely, the time to request a report or file a draft report. Thus the only time period which is rendered unaffected by a lack of notice under Rule 77 (d) is the time for the initiation of an appeal. See generally, Murphy v. Rodman Ford Sales, Inc., 1981 Mass. App. *10 Div. 211,212-213. This provision is consonant with prevailing rules that render adherence to time requirements a “condition sine qua non” for the successful institution of an appeal. Pierce v. Board of Appeals of Carver, 369 Mass. 804, 808-809 (1976); Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25 and cases cited.
The timeliness of the defendant’s appeal is not, however, an issue in the instant case. The defendant herein properly complied with the requirements of Dist./Munc. Cts. R. Civ. P. Rule 64 (c) (1) in seasonably submitting a draft report. The procedural obstacles to the defendant’s continued prosecution of its appeal arose instead from the trial court’s failure to take action within three months on a draft report which had been timely filed. The defendant has thus properly argued that Rule 77 (d) is inapplicable herein. The rule neither resolves, nor even addresses, the issue of whether a lack of notice by the clerk under Rule 64 (c) (5) tolls the running of the three month period for report settlement or relieves an aggrieved party from his obligation to file a petition to establish to preserve the viability of his draft report.
2. This construction of Rule 77 (d) does not, however, warrant a resolution in the defendant’s favor of the second question reported by the trial court herein.
The defendant is incorrect in its contention that it was entitled to rely exclusively on the trial court clerk to discharge that duty imposed by Rule 64 (c) (5) to issue notice of the expiration of the report settlement period. Those cases in which it has been held manifestly unjust to “punish” a party for reliance on a clerk’s negligent performance have involved situations in which no practical alternative to awaiting notice from a clerk existed to become informed of various procedural developments. See, e.g. Chavoor v. Lewis, 383 Mass. 801, 805-806 (1981) (notice of trial date); Hanley v. Polanzak, 8 Mass. App. Ct. 270, 274-275 (1979) (notice of entry of medical malpractice tribunal order). A daily check of the docket has not been deemed a realistic or practical alternative to reliance upon the clerk for notice. Ibid, at 275, fn. 10.
Conversely, Rule 64 (c) (5) prescribes a fixed and finite time period for report settlement. An aggrieved party who files a draft report can readily calculate a date three months hence upon which the Rule 64 (c) (5) period will automatically expire. The lapse of the report settlement period thus occurs in every case on a certain and predetermined date which requires no scheduling by the court and which can and should be easily anticipated by the aggrieved party. As the provisions of Rule 64 (c) (5) are automatic, notice by the clerk serves as little more than a reminder of the approach of a procedural date already known to the appellant.
Although the term “shaU” is customarily accorded a mandatory construction, such term is generally interpreted as simply directory with respect to the rights of the parties in a statute or rule which imposes a procedural duty upon a clerk to issue notice. See, e.g., Home Owners Loan Corp. v. Sweeney, 309 Mass. 26, 29 (1941); Bath Iron Works, Ltd. v. Savage, 262 Mass. 123, 127 (1928). Stated alternatively, if the provisions of a rule are automatic, the failure of the clerk to comply with the rule is of no consequence in determining the parties’ rights or obligations. Higgins v. First Nat’l Stores, Inc., 340 Mass. 618, 620 (1960); Sullivan v. Jordan, 310 Mass. 12, 15 (1941). Rule 64 (c) (5) does not make the lapse of an appeal, after draft report inaction for three months, contingent upon the issuance of notice by the trial court clerk. The provisions for such notice by the clerk and for a petition to establish by the aggrieved *11 party to maintain his appeal are independent and unrelated.
On the basis of the foregoing, we hold that the time prescribed for draft report settlement in Rule 64 (c) (5) is not effectively enlarged by the failure of the clerk to issue notice of the impending expiration of such time period. The answer to the second question reported to this Division by the trial justice is “no.”
3. Pursuant to Dist./Mun. Cts. R. Civ. P. Rule 64 (c) (5), an appeal to this Division lapses and the case “proceeds as though no request for report had been made” if the trial court fails to take action upon a draft report within three months of the filing thereof. An aggrieved party can, of course, avoid this practical termination of his appeal by filing a petition to establish the draft report before the expiration of the ninety day period.
A second exception to the automatic operation of the rule is provided therein in the phrase “unless the appellate division for cause shown shall allow further time.” We concur with the Western District of the Appellate Division in construing this provision to signify that at the expiration of the three month period a draft report remains in a “pending state” subject to dismissal by the trial court. Until actual dismissal of the draft, the aggrieved party retains the option to seek further time from the Appellate Division upon cause shown for the settlement of a report. See Old Colony Bank of Worcester v. Miller, 1981 Mass. App. Div. 202, 205.
In framing a response to the first question reported by the trial justice herein, it is essential to balance the competing interests and equities underlying Dist./Mun. Cts. R. Civ. P. Rule 64 (c) (5). The salutary objective of the rule is to limit the period for appeal in order to promote and insure the finality of judgments. A rigidly technical application of the rule may, however, unfairly prejudice an appellant who has seasonably initiated his appeal; who has diligently pursued all avenues for draft report review, including a request for a hearing thereon; and who has little, if any, control over the trial justice’s final dispostion of a draft report within the prescribed three month period. As a practical matter, the three month limitation in question frequently proves unworkable for the district court trial justice who is required by the unique provisions of Rule 64 to assist the parties in actually assembling an appellate record. Rotating judicial assignments to the courts of other regions and counties and the increasing demands of district court trial work frequently preclude the scheduling and completion by a trial justice of all necessary draft report hearings, conferences, revisions and settlement within a fixed ninety day period.
It is clear that a flexible and pragmatic approach to Dist./Mun. Cts. R. Civ. P. Rule 64 (c) (5) is required. In response to the first question reported to this Division by the trial court herein, we hold that the court may, but is not required to dismiss a draft report upon which no action has been t.aken within three months of the filing thereof. In lieu of dismissal, a trial justice may, and in many cases should, permit the aggrieved party to pursue Rule 64 (c) (5) remedies by requesting this Division to grant additional time for cause shown for the settlement of a report. Old Colony Bank of Worcester v. Miller, supra at 205.
4. On the basis of our responses to the questions propounded to this Division in the report sub judice, this case is remanded to the trial justice for such action as he may, in his discretion, deem appropriate under Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (5).

So ordered.