Forte, J.
This is an action in contract to recover a deposit paid by the plaintiffs under an agreement for the purchase and sale of the defendants’ real estate. The defendants counterclaimed for the unpaid balance of said deposit.
Under the terms of the parties’ agreement, the plaintiffs were required to make a $10,000.00 deposit, of which only $2,000.00 was actually paid. The plaintiffs presented a check for the remaining $8,000.00, but this check was dishonored upon presentment. The agreement permitted the plaintiffs to arrange for a home inspection within a specified time period, and entitled them to rescission if the premises were found to be structurally or mechanically unsound and if the defendants were properly notified of such inspection findings within a prescribed period of time. In the event of the plaintiffs’ breach of contract, the defendants were entitled to retain all deposits as liquidated damages.
The plaintiffs, defendants-in-counterclaim, never filed an answer and were defaulted pursuant to Dist./Mun. Cts. R. Civ. P. Rule 55(a) on November 27, 1981. At no time have the plaintiffs sought to have their default on the defendants’ counterclaim removed.
*137 During the course of discovery, the defendants filed requests for admissions of facts which were not answered timely by the plaintiffs. Based upon the constructive admissions created by the plaintiffs’ failure to answer the defendants’ Rule 36 requests, the defendants filed a motion for summary judgment. The plaintiffs then filed a motion for permission to file late answers to the defendants’ requests. The answers which were appended to the plaintiffs’ motion were, however, signed by the plaintiffs’ attorney rather than the plaintiffs and were not signed under the pains and penalties of perjury.[3]
These motions were heard on September 15, 1982. The trial judge denied the plaintiffs’ motion to file answers late; allowed the defendants’ motion for summaryjudgment on the plaintiffs’ complaint; and assessed damages on the defendants’ counterclaim in the amount of $8,000.00. These dispositions and judgment were entered on September 15, 1982.
On September 24, 1982, the plaintiffs filed a draft report and a motion to alter or amend judgment. The latter motion was denied on November 3,1982.
The plaintiffs thereafter filed draft reports on March 16,1983 and again, on April 8, 1983.
On December 10, 1983, the defendants filed a motion to dismiss the plaintiffs’ draft report, which was allowed on February 10,1984. The docket indicates that the plaintiffs filed a draft report challenging this dismissal, but said draft report is not before this Division.
On April 5,1984, the trial judge revoked his dismissal order of February 10, 1984 and signed the plaintiffs’ March 16,1983 draft report. This report, which omits the requisite statement that it “contains all the evidence necessary and material to the questions reported,”[4] alleges trial court error in the following rulings:
1. The denial of the plaintiffs’ motion to file late answers to the defendants’ Notice to Admit Facts;
2. The allowance of the defendants’ Motion for Summary Judgment on the plaintiffs’ complaint; and
3. The assessment of damages in the sum of $8,000.00 and entry of judgment for the defendants on their counterclaim.
On May 2,1984, the defendants again filed a motion to dismiss the plaintiffs’ appeal. Said motion is now before this Division.
1. Even a cursory examination of the docket in this case compels the conclusion that there has been little effort to comply with the mandatory time requirements of Dist./Mun. Cts. R. Civ. P., Rule 64 during the unduly protracted post-judgment proceedings herein. Although judgment was entered in September, 1982, no report was established until April 5, 1984, nineteen months later. An additional two years inexplicably ensued before the trial court clerk’s office and counsel took any steps to forward the case to this Division for entry and appellate review. The unconscionable delays attending this matter exhibit, an inexcusable disregard for not only the rules of civil procedure, but also the best interests of the parties. Even if the plaintiffs’ appeal were not as procedurally flawed and as lacking in substantive merit as it is, this appeal would be subject to dismissal upon the defendant-appellee’s motion. Dist./Mun. Cts. R. Civ. R, Rule 64(g).
2. The fatal defect in the plaintiffs’ appeal is that no draft report submitted by the plaintiffs satisfied the dual Dist./Mun. Cts. R. Civ. P., Rule 64(c) *138 requirements of being timely filed within ten days after judgment and of being settled within the appropriate ninety day period prescribed for the establishment of repoits.
Rule 64(c)(l )(ii) and (iii) mandates that a draft report shall be filed within ten days of the entry of judgment or, if a timely motion pursuant to Rules 52(b) or 59 is filed, within ten days of the disposition of such motion. Gordon v. Pantos Canvas Corp., 1983 Mass. App. Div. 26, 27; Cardiff v. Dalpe, 1982 Mass. App. Div. 43, 43-44. As the plaintiffs’ Rule 52 motion to alter or amend judgment was denied on November 3,1982, a draft report herein should have been filed on or before November 15, Í 982. Dist./Mun. Cts. R. Div. P., Rule 6(a). The report actually signed by the trial justice and now before this Division was not filed, however, until March.16, 1983. This draft report was, therefore, submitted four months too late and should have been dismissed on that ground. Randazzo v. O'Brien, 1984 Mass. App. Div. 220, 223; Canty v. Canty, 1983 Mass. App. Div. 171; Arciero v. Eagle Realty Assoc., Inc., 1982 Mass. App. Div. 203, 204.
If final action by the trial judge upon any draft report... is not taken within three months of the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall allow further time.
The only draft report actually on file by November 15, 1982 was the plaintiffs’ first draft of September 24, 1982. No action, however, was ever taken on this draft report. Rule 64(c)(5) expressly states:
The plaintiffs neither requested a hearing on this draft report, nor sought additional time for the settlement thereof. See Hough v. City of Newton, 1985 Mass. App. Div. 8,11. No petition to establish this draft report was ever filed by the plaintiffs. Accordingly, after ninety days of inaction upon this first draft report, the plaintiffs’ appeal was terminated on December 24, 1982 by operation of Rule 64(c)(5). The defendants’ December 29, 1982 motion to dismiss should have been allowed.[5]
Rule 64(c)(5) provides only two remedies for inaction upon a draft report; namely, a motion to this Division for additional time or a petition to establish. The plaintiffs could not, therefore, resurrect their moribund appeal simply by filing additional draft reports on March 16,1983 and April 8,1983. Moreover, even the plaintiffs’ March 16,1983 draft which was eventually brought to this Division was allowed to lapse into non-viability under Rule 64(c)(5). No action was taken upon this draft report within the requisite ninety days. Accordingly, the trial justice had no authority to settle this report on April 5,1984. Upon the expiration of the Rule 64(c)(5) three month period, a motion to dismiss this draft report was in order. See Hough v. City of Newton, supra; Old Colony Bank of Worcester v. Miller, 1981 Mass. App. Div. 202, 205-206.
The defendants’ motion to dismiss the plaintiffs’ appeal is hereby allowed.
3. In any event, we note that there is no merit in the charges of trial court error leveled by the plaintiffs in their draft report of March 16, 1983.
The short answer to the first issue raised by the plaintiffs is that, to date, theyhavesubmittednoanswers to the defendants’ requests for admissions which satisfy the requirements of Dist./Mun. Cts. R. Civ. P., Rule 36(a). See footnote 1, supra.
With respect to issue number 2, the entry of summary judgment for the *139 defendants herein was proper on the basis of the pleadings and the facts admitted constructively under Rule 36. The only material submitted by the plaintiffs in opposition to the defendants’ Rule 66 motion was an affidavit of their attorney. Such affidavit was not “made on personal knowledge” and thus not cognizable under Rule 56(e). Shapiro Equip. Corp. v. Morris & Son Construc. Corp., 369 Mass. 968 (1976); Maguire v. Mass. Bay Transp. Auth., 20 Mass. App. Ct. 907, 908 n.4 (1985). The plaintiffs failed to satisfy their burden as non-moving parties of establishing the existence of issues of fact which would have required a trial on the merits herein. Davidson v. Commonwealth, 8 Mass. App. Ct. 541, 551 (1979); Turner v. McCune, 4 Mass. App. Ct. 864, 865 (1976).
Finally, judgment in the sum of $8,000.00 was properly entered for the defendants on their counterclaim upon which the plaintiffs had been defaulted. The parties’ written purchase and sale agreement expressly entitled the defendants to retain all deposits as liquidated damages upon the plaintiffs’ breach. The sum of $8,000.00 represented the balance of the plaintiffs’ deposit which remained unpaid due to the dishonor for insufficient funds of the plaintiffs’ check for that amount. See Warner v. Wilkey, 2 Mass. App. Ct. 798, 799 (1975). As the plaintiffs filed no Rule 64(b) requests for rulings raising any issue as to damages, no question of law was preserved for appellate review. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 103-104 (1975); Brodeau v. Seymour, 315 Mass. 527, 530 (1944).
4. Report dismissed.

’A matter is deemed admitted under Dist./Mun. Cts. R. Civ. P., Rule 36(a) unless the request is ' answered bya“writtenstatementsignedbythepartyunderthepainsandpenaltiesofperjury...”

‘It may be inferred from such omission that the draft report is, in fact, fatally incomplete and should be dismissed. Comfort Air Systems, Inc. v. Caccopardo, 370 Mass. 255, 259 (1976).

The trial justice did in fact allow a dismissal motion on February 10,1984, but later revoked his n dismissal order.