Doyle, P.J.
This is an action for deceit, breach of warranty and unfair and deceptive practices in violation of G.L. C.93A which purportedly attended the plaintiffs purchase of a used motor vehicle from the defendant. The plaintiffs sole contention is that the defendant’s salesman allegedly misrepresented the actual “value” of the used car in quoting its sales price to the plaintiff.
The defendant filed a Dist./Mun. Cts. R.Civ. P., Rule 12(b)(6) motion to dismiss the plaintiffs complaint for failure to state a claim upon which relief could be granted. The three counts of the complaint in question are predicated upon the following allegations by the plaintiff: (a) the plaintiff purchased a used Buick Riviera from the defendant; (b) at the time of purchase, the plaintiff twice asked the defendant’s salesman what the “value” of the used car was; (c) said salesman replied, “$11,250.00;” (d) the specific, actual dollar value of the used car, as presumably assessed by the plaintiff after the transaction, was precisely $9,175.00; and (e) the defendant’s salesman knew this specific dollar amount and intentionally or negligently deceived the plaintiff. It is also expressly stated in the plaintiffs complaint that the $11,250.00 figure quoted by the defendant’s salesman was actually the retail sales price, which the plaintiff in fact paid for the vehicle. The defendant’s Rule 12(b)(6) motion to dismiss was allowed on June 24, 1986.
On June 26,1986, the plaintiff filed a request for a report and a motion to file a draft report late. Said motion was allowed, and the plaintiff submitted his draft report on July 16, 1986. Said report was not settled, however, until November 24, 1986, approximately one hundred and thirty days after draft report filing.
*98 Subsection (c)(5) of Dist./Mun. Cts. R. Civ. P. 64, which prescribes the procedural format for appeals to this Division, expressly states:
If final action by the trial judge upon any draft report.. .is not taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall allow further time.
The three month period for final action upon the plaintiffs draft report in the case at bar expired in October, 1986. The plaintiff-appellant filed neither a petition to establish his draft report, see, e.g., O’Connell & Co. v. Gassett, 1986 Mass. App. Div. 160, nor a motion for an extension of time for draft report settlement. See Hough v. City of Newton, 1985 Mass. App. Div. 8; Old Colony Bank of Worcester v. Miller, 1981 Mass. App. Div. 202. In the absence of such petition or motion, the plaintiffs appeal could not remain viable after October, 1986. The cause then proceeded “as though no request for report had been made.” A trial judge is not authorized to extend the three month period specified in Rule 64(c)(5) for report settlement. Hough v. City of Newton, at 9.[1]
Report dismissed.

 The fact that the opinion in this case is based on the mandatory provisions of Dist./Mun. Cts. R. Civ. PM Rule 04 in no way implies that the plaintiff-appellant could have prevailed on the merits of this appeal. There is no substantive merit to the plaintiffs contentions.