Black, P.J.
This is a petition to establish the defendant’s Draft Report which was filed in response to the court’s dismissal of his original Draft Report. An aggrieved party whose report is dismissed for noncompliance with the statutes or rules applicable to draft reports may file a request for report and draft report on the issue of the correctness of the dismissal. Dist./Mun. Cts. R. Civ. P., Rule 64(c) (6).
The defendant in the case before us claims to be aggrieved by the court’s dismissal on February 1,1989 of his Draft Report concerning the District Court’s denial of defendant’s Motion to Remove and Vacate a Default Judgment entered on the Complaint filed in this action. The Draft Report on the dismissal was filed by the defendant on February 14,1989. No action was taken by the trial court thereafter. On June 29,1989 the defendant filed a petition to establish the Draft Report on the prior dismissal.
The defendant’s petition to establish a report is denied because of his failure to file a request for report in a timely manner.
Rule 64 (c) (6) provides that the aggrieved party who files a report on a dismissal must “.. .proceed as provided in these rules.” The filing party must, therefore, *207 adhere to the time requirements for Requests for Reports and Draft Reports which are set out in section (c) (1) (ii) of Rule 64. Accordingly, the defendant in the case at barmusthavefiledhisDraftReportwithin (10) days ofthe date of entry of judgment, which in this case is the date of entry of the dismissal of his first draft report. Dist./ Mun. Cts. R. Civ. P., Rule 64 (c)(1) (ii).
A ten day extension may be granted by the trial court upon a showing of excusable neglect. Id. The defendant in this action made no motion for an extension. He is, therefore, bound by the ten (10) day filing period specified in Rule 64 (c) (1) (i). Accordingly, the defendant’s filing ofthe Draft Report on February 14, 1989 was not timely.
To have complied with section (c) (1) (i) the defendant was required to have filed the Draft Report on the dismissal at some time between the date of entry of the dismissal of his first draft report (February 1,1989) and ten days later, as computed by Rule 6 of the Massachusetts Rules of Civil Procedure (February 13, 1989).[4] Defendant’s filing was one day late. For this reason alone, the petition to establish must be denied.
The defendant argues that the ten day period runs from the date of receipt of his notice of the dismissal. It has been established, however, that “... the running of time periods for filing requests for reports and draft reports begins not when notice of entry of judgment is received, nor even, necessarily when such notice is mailed by the clerk. Rather the period is commenced simply the entry of the judgment and terminates ten days later, allowing, of course for the general rules for computing time periods, set forth in Rule 6.” Wing v. Liziewski, 59 Mass. App. Dec. 30, 33 (1976). See Brown v. Quinn, 27 Mass. App. Ct. 288 (1989).
The defendant’s improper filing of the draft report in the trial court is sufficient reason alone to deny his petition to establish the Draft Report. In addition, however, the defendant failed to comply with the time requirements of Rule 64 (c) (5) in his filing of this petition to establish.
No action was taken by the trial judge upon the defendant’s draft report within the three month period allotted for draft report settlement in Rule 64(c) (5). The defendant then permitted more than four (4) months to elapse before taking any steps to preserve the viability of his appeal to this Division. The petition to establish was, in fact, notified until June 29,1989.
It is well settled that the unambiguous terminology of Rule 64 (c) (5) establishes an express limitation on not only the time period for report settlement, but also the continuing viability of an appeal. If final action is not taken on a draft report within three months, the aggrieved party’s opportunity to obtain any review by this Division expires and the case proceeds as though no claim for appeal had ever been filed. O’Connell v. Gassett, 1986 Mass. App. Div. citing Hough v. City of Newton, 1985 Mass. App. Div. 8, 11.
Rule 64 (c) (5) provides two methods for the defendant to secure his appellate rights. When the trial court fails to act upon the draft report, the aggrieved party wishing to appeal is required to file either a petition for establishment by this Division of his draft report, or a written request to this Division for additional time for draft report settlement by the trial judge. See Hough v. City of Newton, at 11; Old Colony Bank of Worcester v. Miller, 1986 Mass. App. Div. 202, 205. The defendant in the action before us followed neither of these procedures in a timely manner and thereby lost his right of appeal.
Due to noncompliance with the time requirements of Dist./Mun.Cts. R. Civ. P. Rule 64, the defendant’s petition to establish a draft report is denied.__

 The tenth day after judgment herein actually fell on Saturday, February 10,1989. Rule 6(a) ofthe Dist./Mun. Cts. R. Civ. P. provides, however, that when the last day of a time period prescribed by the Rules falls on a Saturday, Sunday, or legal holiday, the “period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.”