Pino, J.
This is an action of tort in which the plaintiff seeks recovery for personal injuries allegedly caused to him on February 10, 1980 by the alleged negligent operation of a motor vehicle owned by the defendant, Kay Leasing, Inc., and operated by the defendant, Jacqueline Reilly Farrell. The defendants filed an answer in general denial. Prior to trial, the parties stipulated that Columbia Road in South Boston is a public way. The court found for the defendants.
At the trial, the plaintiff testified that at aobut 8:00 a.m. he entered his vehicle in the driveway adjacent to his home at 1390 Columbia Road, South Boston, intending to enter upon Columbia Road and make a right turn. The front of his car faced Columbia Road. The plaintiff drove his car six feet beyond the sidewalk and came to a stop. He first observed the defendant’s vehicle travelling in his direction. The defendant’s car was about 200 yards away and was moving between 25-30 mph. The plaintiff then looked to his left toward the intersection of Columbia Road and G. Street and again to the right at the oncoming car. Plaintiff testifed that the oncoming car was again seen by him on his side of Columbia Road and was two car lengths away travelling 25 mph. The defendant struck the plaintiff’s vehicle on the right front side. The force of the collision spun his vehicle around to a horizonal position. He fractured his right hand and received other injuries.
After the collision, the defendant swerved to the other side of Columbia Road and went through the intersection and a red light.
The defendant testified that she is a licensed practical nurse and that she had just completed her 11:00 p.m. - 7:00 a.m. shift at the Boston City Hospital when she was on her way home in South Boston. She had stopped at Brian’s Donut Shop on Dorchester Street to buy some donuts and a Sunday newspaper. She further testifed that she felt fine and was not tired because she had worked this shift for over five months. Defendant Farrell stated in direct examination that she was travelling in the right hand lane on Columbia Road. As she was approaching the intersection, she slowed down to approximately 20 miles per hour for a red light. She testified that plaintiff’s car came out of the driveway and struck heron the driver’s side at the left front quarter panel. The collision occurred in the right lane of Columbia Road. Farrell did not see plaintiff’s car prior to the accident but recalls seeing cars parked on both sides of Columbia Road. The defendant testified that Columbia Road had two lanes of traffic and is fifty to sixty feet wide. She *254 further stated that her car swerved after the collision and she drove her vehicle through the intersection.
In his brief, the plaintiff has alleged that the court erred in its ruling in response to the request for rulings filed by the plaintiff and numbered 1,3,4, and 10. However, the plaintiff has not dealt with numbers 4 and 10. Any issue not argued in the plaintiffs brief is deemed waived. Mass. Rules of Appellate Procedure, Rule 16(a)(4).
Requests for Rulings numbered 1 and 3 and the rulings of the court were as follows:
1. The evidence warrants a finding for the plaintiff. COURT: Denied. See findings of fact.
3. If the defendant operator had an unobstructed view this calls for an explanation if something other than negligence was the cause of the collision. COURT: DENIED.
The court also made the following findings of fact:
I find that the plaintiff has not proven by the fair preponderance of the evidence that the automobile collision of February 10, 1980 was caused by the negligence of the defendant. In reviewing the credible testimonial evidence, 1 further find that the defendant Reilly Farrell was operating her vehicle properly in the right lane of Columbia Road in South Boston when the plaintiff collided with her vehicle after he exited from his driveway.
This case involved testimony which was conflicting at best. The court from its findings indicated, clearly, that it accepted the testimony of the defendant as being credible and that the plaintiff had failed to sustain his burden of proof that the defendant was, in fact, the negligent party. As a result, the court determined that a finding, in light of the evidence, was not warranted.
The court ruled correctly on plaintiffs request for ruling No. 1.
A request is properly denied where it is inconsistent with the facts as found, so long as the court states the facts found based upon all the evidence. Liberator v. Framingham, 315 Mass. 538, 542 (1944). It is well established that determining the credibility of evidence and drawing reasonable inferences therefrom are matters within the scope of the responsibility of the trial judge. Undoubtedly, had the court here found facts different than those found, a finding for the plaintiff might have been warranted. Even if the court had allowed request No. 1, it still may find to the contrary. Dangelo v. Farina, 310 Mass. 758, 759 (1942); Liberator v. Framingham, 315 Mass. 538, 542 (1944).
The same logic must be applied to the court’s denial of the plaintiffs request No. 3 The court found ‘ ‘the defendant was operating her vehicle properly . . .when the plaintiff collided with her vehicle . ..”
We find no error.
Report dismissed.