Aguiar, J.
This appeal raises the issue of whether there was sufficient evidence of negligence by the defendant for a finding for the plaintiff and whether the trial judge committed error by not making a special finding comparing the negligence of the parties. We find there is no error.
This is an action of tort remanded to the Quincy District Court from the Norfolk Superior Court, in which the plaintiff seeks to recover money damages for injuries she allegedly sustained when she slipped and fell in the entranceway of a Stop & Shop store.
After trial, the Court found that the negligence of the defendant exceeded the negligence of the plaintiff and awarded judgment for the plaintiff in the sum of $7,500.00.
There was evidence tending to show that on March 12,1990, the plaintiff, Patricia McGovern, was walking and carrying her baby in front of her in a plastic seat, when Patricia fell just inside the entranceway of the defendant Stop & Shop supermarket. The plaintiff was wearing sneakers and just as she stepped inside the door to do food shopping, the plaintiff slipped and fell in a puddle of water on the white tile floor. The puddle was about 2 feet by 3 feet and of circular dimensions. It was about 5:00 p.m. and it was a rainy day. There were no carpets, no warning signs and no cones present in the area where the plaintiff fell. The puddle was 14 inch to 1 inch deep of cloudy and dirty water.
After her fall, the plaintiff observed wet shopping carriages and tracks running to them about five feet in length to where the plaintiff fell. When the plaintiff struck the floor she hit her head on the tile floor and her clothing became wet. Employees of the defendant were approximately ten feet from the puddle. The defendant had stored shopping carriages at the entrance to the premises on a rainy day which were dripping water and which led to a puddle where the plaintiff slipped and fell. As a result of her injuries the plaintiff incurred medical expenses of approximately $4,000.00.
The defendant contends that the plaintiff proved no fact which showed negligence on the part of the defendant, or on the part of anyone other than the plaintiff. The defendant claims that this is a case in which the transitory conditions of the premises due to normal use in wet weather, according to ordinary experience could not in reason have been prevented. Defendant argues that the mere presence of dirty water on a floor had no tendency to prove that the water had been on the floor long enough for the defendant to have seen it and mopped it up. Defendant further argues that the Court failed to ascribe a percentage to the plaintiff’s contributory negligence and therefore failed to reduce the damages by that percentage.
The defendant owed the plaintiff a duty to use due care to keep the premises provided for the use of its patrons, in a reasonably safe condition, or at least to warn them of dangers that might arise from such use, which were not likely to be known to them, and of which the defendant ought to know. Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 166-167 (1973). Deagle v. Great Atlan *34 tic & Pacific Tea Co., 314 Mass. 263, 265 (1961).
What constitutes a store’s required care and diligence towards an invitee to its premises is a question of izct Luz v. Stop & Shop of Peabody, 348 Mass. 198, 202 N.E. 2d 771 (1964).
Upon hearing all the evidence, the trial judge concluded that the defendant’s negligence exceeded the negligence on the part of the plaintiff. The inferences to be drawn therefrom are matters for the determination of the trier of fact. Gilardi v. Kay Leasing, Inc., 1982 Mass. App. Div. 253, 254.
In the instant case the presence of the water and description of its size, shape, depth, color and the source of the water (the shopping carriages), along with the proximity (ten feet) of defendant’s employees support an inference that the defendant had had reasonable time in which to discover the dangerous condition and remedy it. We find that there was sufficient evidence of negligence by the defendant to substantiate the Trial Court’s decision on liability.
The Court considered the issue of comparative negligence and found that the negligence of the defendant exceeded that of the plaintiff. Although the Court made no special finding with respect to the amount the plaintiff’s damages were diminished in proportion to the amount of negligence attributable to plaintiff, no such special finding has been required since the 1974 amendment to G.L.c. 231, §85.[1]
For all of the above reasons we find there was no error by the Court.
The report is hereby dismissed and judgment is affirmed.

Prior to 1974, G.L.c. 231, §85 required that “the court, in a nonjury trial, shall make findings of fact, or in a jury trial, the jury shall return a special verdict, which shall state: (1) the amount of the damages which would have been recoverable if there had been no contributory negligence; and (2) the degree of negligence of each party expressed as a percentage.” This requirement was eliminated in 1974.